UNITED STATES of America
v.
Robert Allen HICKS, Appellant.
No. 16874.

United States Court of Appeals
Third Circuit.

Submitted on Briefs Jan. 11, 1968.

Decided Jan. 25, 1968.

Elizabeth Langford Green, Herman I. Pollock, Defender, Defender Ass'n of Phila., Philadelphia, Pa., for appellant.

Robert S. Blank, Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., for appellee.

OPINION OF THE COURT

Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.

PER CURIAM.

Defendant appeals from a judgment entered upon a jury verdict finding him guilty of transporting his wife, Barbara Ann Hicks, and another woman from Baltimore, Maryland, to Philadelphia, Pennsylvania, in violation of the Mann Act, 18 U.S.C. § 2421. A four year sentence with provision for earlier parole was imposed.[1]

1. The government contends that we have no jurisdiction because no motion for a new trial or in arrest of judgment was made. This assertion fails if for no other reason than the record and docket entries disclose that both motions were orally made on the day the verdict was rendered at the trial court's invitation and

Defendant contends that the trial court erred in refusing his motion to strike out his wife's testimony against him, which he made after her cross-examination, on the ground that it disclosed that she was incompetent to testify. The attack is not based on marital privilege, evidently because of the decision in Wyatt v. United States, 362 U.S. 525, 80 S.Ct. 901, 4 L.Ed. 2d 931 (1960), that a wife who is transported by her husband in violation of the Mann Act is the victim of the crime and not only may testify against her husband but must do so if called upon to testify. Instead, the defendant points to her mental imbalance, her moral character and her feeling of vengeance against him as the grounds for disqualification.

On cross-examination Mrs. Hicks admitted that (1) she used narcotics; (2) she heard voices telling her such things as "they" would "take me to Hell", which persisted until a week before her testimony; (3) she was scheduled for a mental examination at the state mental hospital; (4) she was being supported by a man who was a burglar and who had shot her husband; (5) she wrote to defendant that she hated him and wanted revenge; (6) she signed a statement against defendant primarily out of revenge; (7) she was a prostitute; and (8) she was jealous of another woman with whom defendant was friendly.

■ Although defendant concedes that these factors individually were issues of credibility for the jury and did not require the testimony to be stricken, he urges that the combination of all of them rendered her incompetent. The competence of a witness is a matter to be decided in the trial court's sound discretion.[2] Mrs. Hicks' testimony was lucid and she indicated an appreciation of the obligation to tell the truth. There was clearly no need to exclude the testimony completely. The trial judge afforded defendant his full rights in giving cautionary instructions that the jury could consider such factors in determining Mrs. Hicks' credibility.

■ Defendant also claims that there was no evidence that he formed an intent to take the two women to a house of prostitution before he reached Philadelphia. However, Mrs. Hicks' testimony that her husband told her sometime during the trip that he was taking her to a house of prostitution and on arrival in Philadelphia sought her aid in procuring her companion to join her, together with defendant's subsequent action in placing the women in a house of prostitution, clearly is sufficient to establish the requisite intent at the time he transported the women in interstate commerce. See United States v. Reginelli, 133 F.2d 595, 598 (3 Cir.), cert. denied, 318 U.S. 783, 63 S.Ct. 856, 87 L.Ed. 1150 (1943); Lindsey v. United States, 227 F.2d 113, 116–117 (5 Cir. 1955), cert. denied, 350 U.S. 1008, 76 S.Ct. 653, 100 L.Ed. 869 (1956).

The judgment of the district court will be affirmed.

were immediately denied. The appeal was taken after judgment was entered and within the time prescribed by Rule 37(a) (2) of the Federal Rules of Criminal Procedure.

2. See United States v. Tannuzzo, 174 F.2d 177, 181 (2 Cir.), cert. denied. 338 U.S. 815, 70 S.Ct. 38, 94 L.Ed. 493 (1949);

Henderson v. United States, 218 F.2d 14, 18, 50 A.L.R.2d 754 (6 Cir.), cert. denied, 349 U.S. 920, 75 S.Ct. 660, 99 L.Ed. 1253 (1955); Doran v. United States, 205 F.2d 717, 92 U.S.App.D.C. 305, cert. denied, 346 U.S. 828, 74 S.Ct. 49, 98 L.Ed. 352 (1953); Wigmore, Evidence §§ 496, 507, 561 (3d ed. 1940).