**UNITED STATES of America**

v.

**Toribio A. SERA–LEYVA, Appellant.**

**No. 23630.**

United States Court of Appeals, District of Columbia Circuit.

Aug. 28, 1970.

---

Mr. Robert M. Price, Washington, D.C. (appointed by this Court), was on the brief for appellant. Mr. Leslie Scherr, Washington, D. C. (appointed by this Court), also entered an appearance for appellant.

Messrs. Thomas A. Flannery, U.S. Atty., John A Terry and Kenneth Michael Robinson, Asst.U.S.Attys., were on the brief for appellee.

Before FAHY, Senior Circuit Judge, and McGOWAN and LEVENTHAL, Circuit Judges, in Chambers.

PER CURIAM.

This appeal from a jury conviction of armed robbery is before us for final resolution after a remand for a supplementary hearing. Sera-Leyva v. United States, 133 U.S.App.D.C. 125, 409 F.2d 160 (1969). The issue requiring remand was a challenge to the victim's in-court identification of appellant as tainted by two pretrial identifications, one from photographs and the other at the U. S. Commissioner's office. We asked the District Court to inquire into the propriety of these identifications in terms of due process and, in any event, to make a finding with respect to independent source. See Clemons v. United States, 133 U.S.App.D.C. 27, 34, 408 F.2d 1230, 1237 (1968).

The District Court on remand held a full evidentiary hearing and stated the basis for its findings in detail. The Government presently relies upon the finding of independent source,[1] and we think this reliance is justified by the record. When the case was before us earlier, we characterized the victim's in-court identification testimony as "unusually strong," and the evidence taken on remand strengthens this view of it. The victim was unusually careful in his observation of the robber at the time of the crime, and his testimony on this score is most convincing. We agree with the District Court's finding that the subsequent pretrial identification cannot fairly be assumed to have displaced the victim's original impression.

Affirmed.

1. The District Court also found that neither of the pretrial identifications occurred under such circumstances as to violate due process of law. The victim initially picked appellant's photograph out of some nine to twelve submitted to him. Later, at the U.S. Commissioner's office, he was instructed to watch those being presented as they came into the room one by one. When appellant appeared after several had preceded him, the victim immediately pointed to him as the robber. In view of the emphasis placed by the Government upon the finding of independent source, and our acceptance of this finding, we have no occasion to pursue the due process aspects of these identifications.