UNITED STATES of America

v.

Robert H. CROSBY, Appellant.

No. 71–1444.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 28, 1972.

Decided May 10, 1972.

Miss Marsha E. Swiss, Washington, D. C. (appointed by this court), for appellant.

Mr. Julius A. Johnson, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and John A. Terry and Warren L. Miller, Asst. U. S. Attys., were on the brief, for appellee. Mr.

Harold H. Titus, Jr., present U. S. Atty., also entered an appearance for appellee.

Before WRIGHT and WILKEY, Circuit Judges, and JAMES F. GORDON,* Chief Judge, U. S. District Court for the Western District of Kentucky.

JAMES F. GORDON, Chief Judge:

The appellant, Robert H. Crosby, appeals his conviction of murder in the second degree and possession of a prohibited weapon, violations of 22 D.C. Code § 2403 and 22 D.C.Code § 3214(b) respectively.

The offenses arose from a division of proceeds dispute between appellant and one Fred Lee Brooks as to the fruits gained from the sale of stolen property. The altercation resulting in Brooks' death was witnessed by one Farrie Chapman, a government informer and an habitual user of narcotics.

During the course of the trial, appellant's counsel requested, and properly received, from the learned District Judge a voir dire examination, out of the presence of the jury, of the government's chief witness, Chapman, for the purpose of ascertaining whether or not he was incompetent to testify.

During the voir dire examination there surfaced two pieces of intelligence to the effect that on occasions in 1961 and in 1969 Chapman had been locally hospitalized for worry and anxiety and observation for periods of 11 and 14 days, respectively; the latter hospitalization having occurred just some months prior to the altercation about which Chapman was purporting to testify as an eyewitness. As to this intelligence, the trial court denied a request by appellant's counsel that the hospitalization records be subpoenaed and examined by the Court as an aid to determination of competency; as well as a request for their use upon subsequent cross-examination for the purpose of an attempt at impeachment of Chapman, if necessary.

The trial judge determined Chapman competent, finding him not to be then under the influence of drugs and cogent in his responses. The trial proceeded to its conclusion with disclosure to the jury of Chapman's narcotic habit, including use of drugs on the day of trial. There was no indication during the trial of any incompetency on the part of Chapman.

The aforesaid voir dire rulings are the principal grounds urged upon us for reversal.

■■ We are cognizant, as the government asserts, that the competency of a witness is a matter which addresses itself to the sound discretion of the trial court,[1] and that, as to witnesses, the clear error rule, as to discretionary exercise, has long been the test of this Circuit. Doran v. United States, 92 U.S. App.D.C. 305, 205 F.2d 717 (1953), cert. denied, 346 U.S. 828, 74 S.Ct. 49, 98 L. Ed. 352; Beausoliel v. United States, 71 App.D.C. 111, 107 F.2d 292 (1939).

■ We, likewise, recognize the ever present need, power and duty resting upon the trial court to protect witnesses from undue harassment or embarrassment;[2] as well as to move, with reasonable dispatch, the trial of the action and to limit its ranging too far afield.[3]

The foregoing doctrinal principles must nevertheless be weighed by the

---

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1970).

1. Carrado v. United States, 93 U.S.App. D.C. 183, 210 F.2d 712 (1953), cert. denied, sub nom, Adkins v. United States, 347 U.S. 1018, 74 S.Ct. 874, 98 L.Ed. 1140; United States v. Hicks, 389 F.2d 49 (3rd Cir. 1968), cert. denied, 391 U.S. 970, 88 S.Ct. 2046, 20 L.Ed.2d 885.

2. Batsell v. United States, 403 F.2d 395 (8th Cir. 1968), cert. denied, 393 U.S. 1094, 89 S.Ct. 865, 21 L.Ed.2d 785. See generally 23 C.J.S. Criminal Law § 924.

3. Holmes v. United States, 124 U.S.App. D.C. 152, 363 F.2d 281 (1966).

fact finder in the scale, opposite the common law principle that any witness offered must be competent to testify. *A fortiori,* once a trial judge is confronted by any "red flag" of *material* impact upon competency of a witness, an inquiry must be made into the facts and circumstances relevant thereto.

The competency of a defendant to stand trial is, of course, crucial to fairness, and is gauged by a somewhat stricter standard than is the competency of a witness to testify. Likewise, the competency standard for witnesses may vary depending on the importance of the witness to the case. Where, as here, the witness is the *key* witness for the prosecution, justice demands a strict standard of competency.

While Hansford v. United States, 124 U.S.App.D.C. 387, 365 F.2d 920 (1966), involved the competency of a defendant to stand trial, we turn to it for guidance as to nature of the hearing required to determine the competency of witness Chapman. In *Hansford,* referring to the scope of the competency hearing, Chief Judge Bazelon said:

> . . . "[A] *careful* examination would seem necessary to determine the extent to which the defendant's memory and other rational faculties have been impaired by the drugs." (Citing Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), 124 U.S.App.D.C. at 391, 365 F.2d at 924 (and footnote 11). (Emphasis added.)

The teaching of *Hansford* is that a hearing into the competency of a defendant (or a witness) must be as careful and complete as reasonably feasible[4] in order to insure a fair trial, especially in cases involving drug addiction. Only by the expenditure of reasonable time and effort in an exploration of all the facts and circumstances[5] may the trial judge exercise sound discretion.

In the present situation we believe a "red flag" of material impact on competency was flying. Witness Chapman, like defendant Hansford, was a longtime drug addict. Both had used drugs on the very day of the trial. Both had been hospitalized for drug addition. While a competency hearing was held in the case at bar (*unlike Hansford*), the trial court refused to examine the medical records bearing on Chapman's condition. We think that such refusal was an abuse of discretion.

We, therefore, remand this action to the District Judge with instructions that the hospital records be subpoenaed and examined to determine whether they undercut his finding on the issue of competency. Should the trial judge's determination confirm his original finding, then the hospital records and his findings and conclusions with respect to such should be placed in this record and the matter then returned to us. Should the trial judge conclude that at trial date Chapman was incompetent, he may grant a new trial, and this appeal thus ends.

The effect of this remand raises no problem as to whether the District Judge now is able to evaluate Chapman's mental condition as of the time of trial. The District Judge has already very clearly evaluated the witness' condition on the day of the trial, to the best of his then observation and examination, all of

---

4. The records were locally available to the Court from the District of Columbia General and St. Elizabeths Hospitals. No trial delay need have been occasioned. The proceeding could have continued on, thus not imposing upon the patience of the participants, with the Court, upon subpoena of the records, having the advantage of considering them, for what they were worth, in reaching his conclusion as to competency prior to submission.

5. We do not mean by this holding to imply that *every* allusion as to incompetency of a witness be required to be exhaustively explored by the trial judge, particularly where all other evidence substantiates competency. The intended thrust of our holding is toward substantial influences, not mere hints.

which is in the record. The only matter to be resolved, i. e., what light the previous medical history throws on Chapman's competency and veracity as a witness on the day of the trial, can be determined nunc pro tunc.[6]

In light of the above direction from us, and in view of the fact we do not now know the result of the District Judge's inquiry, it is not proper that we now rule upon appellant's contentions (1) that he should have been allowed the use of the hospital records upon cross-examination of Chapman, and (2) that the evidence does not support the verdict.

So ordered.

6. For similar type disposition by this Court, see Wells v. United States, 99 U.S.App.D.C. 310, 239 F.2d 931 (1956), and Gunther v. United States, 94 U.S. App.D.C. 243, 215 F.2d 493 (1954).