435 A.2d 378 (1981)
In the Matter of B. D. T, Appellant.
No. 80-674.
District of Columbia Court of Appeals.
Submitted June 10, 1981.
Decided June 30, 1981.[*]
Silas J. Wasserstrom, Public Defender Service, and Andrew L. Lipps, Public Defender Service, Washington, D.C., were on the brief for appellant.
Judith W. Rogers, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Philip T. Van Zile, III, Asst. Corp. Counsel, Washington, D.C., were on the brief for appellee.
Before HARRIS and PRYOR, Associate Judges, and YEAGLEY, Associate Judge Retired.
YEAGLEY, Associate Judge, Retired:
Appellant, having been found guilty of robbery,[1] attacks his conviction on the ground that the trial court erred in refusing to permit him to establish the complainant's incompetency to testify. Finding this contention unpersuasive, we affirm.
The following facts were adduced at trial. On August 21, 1979, two juveniles, one in blue and one in brown, stopped Andre Wallace after following him for a while. Wallace had with him his father's tape recorder. After a search of Wallace's pockets, the two assailants returned to him the money they had taken and permitted him to leave. They stopped him again moments later. The person in blue took the tape recorder from Wallace, handed it to the accomplice in brown (who apparently was behind Wallace during the entire incident), and the two left.[2]
As a preliminary matter on the morning of the trial appellant requested voir dire as to Wallace's competency to testify. Appellant argued that since Wallace, an 18-year-old, attended a special education school, he might have some difficulty understanding the nature of the questions put to him. Reasoning that it had not yet had the opportunity to observe Wallace on the witness stand, the court denied the request. Appellant renewed his request prior to cross-examination.[3] It was urged that Wallace's *379 testimony contained so many inconsistencies that his competency as a witness was seriously threatened. Again, the request was denied.
Thus, we are asked to determine whether the court should have allowed appellant to conduct voir dire, appellant arguing that refusal to do so constitutes reversible error. It has long been recognized that the competency of a witness is a determination committed to the sound discretion of the trial court, Wheeler v. United States, 159 U.S. 523, 16 S.Ct. 93, 40 L.Ed. 244 (1895), and "will not be disturbed on review unless it [is] clearly erroneous." Stagecrafters Club v. District of Columbia, D.C.App., 89 A.2d 876, 878 (1952). See also Doran v. United States, 92 U.S.App.D.C. 305, 205 F.2d 717 (1953).
The record discloses that while Wallace's testimony was plagued with inconsistencies,[4] he never equivocated that a robbery had in fact occurred, which resulted in the taking of the tape recorder he carried, and that appellant was one of the participants. Moreover, the only basis offered by appellant for challenging Wallace's competency was the fact that he attended a school for slow learners. This fact, standing alone, is not an adequate basis to establish that Wallace was not a competent witness. Finally, "[a]s many of these matters cannot be photographed into the record",[5] we defer to the trial judge who saw the witness, and who was in a position to observe Wallace's manner, his capacity, and intelligence, as well as his understanding of the questions put to him.
The last time that counsel raised a point about competency, the court observed: "I think he understands fairly well. I don't see any problem at this time." In rendering its decision, the court said that the behavior of the witness was carefully considered and that any testimonial inconsistencies were weighed in evaluating the complainant's testimony. The problem raised by appellant is less one of competency than one of the weight to be given the testimony. We note that the court permitted wide and extensive cross-examination of the complainant. Consequently, we conclude that the rulings by the trial court denying voir dire for the purpose of determining Wallace's competence were not, as a matter of law, clearly erroneous.[6] Accordingly, the judgment of conviction is affirmed.
NOTES
[*] The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. The government's motion for publication was granted.
[1] D.C. Code 1973, § 22-2901.
[2] Appellant sought to establish an alibi defense through various witnesses who testified that they saw appellant during the time the incident allegedly occurred.
[3] Appellant further contends that by not permitting voir dire prior to cross-examination, the court infringed upon his right of confrontation guaranteed under the Sixth Amendment. This claim must be rejected as meritless. See Springer v. United States, D.C.App., 388 A.2d 846 (1978).
[4] Wallace had testified at the trial of appellant's accomplice, J. C., in December 1979. During cross-examination in the instant proceeding, defense counsel brought out a number of discrepancies in Wallace's testimony.
[5] Wheeler, supra 159 U.S. at 525, 16 S.Ct. at 93.
[6] This case is significantly different from United States v. Crosby, 149 U.S.App.D.C. 306, 462 F.2d 1201 (1972), where the circuit court noted that "once a trial judge is confronted by any `red flag' of material impact upon competency of a witness, an inquiry must be made into the facts. . .", supra at 308, 462 F.2d at 1203 (emphasis in original). In Crosby, the witness was addicted to drugs, had undergone hospitalization, and had used drugs on the day of trial. The court refused to subpoena and examine the medical records. The instant case lacks a "red flag of material impact."