**In the Matter of Q.L.J., Appellant.**

**No. 81–1396.**

District of Columbia Court of Appeals.

Submitted Oct. 20, 1982.

Decided Nov. 3, 1982.*

▮▮▮

---

* The original disposition of this case was by an

unpublished Memorandum Opinion and Judg-

Diane Gaylord, Washington, D.C., appointed by this court, for appellant.

Diana M. Savit, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before KERN, BELSON and TERRY, Associate Judges.

ment.  Appellee's motion for publication was granted by the court.

PER CURIAM:

Following a bench trial in the Family Division, appellant was found guilty of aiding and abetting a robbery, in violation of D.C.Code § 22–2901 (1981), and sentenced to one year's probation.  Appellant raises here challenges to 1) the trial court's decision that an interpreter was not needed for the complaining witness and 2) the sufficiency of the evidence.  Finding no error, we affirm.

On the afternoon of June 7, 1981, appellant and two other youths approached a vending stand operated by John Papakostas.  Appellant and one of his companions indicated that they wished to purchase some candy, and engaged Mr. Papakostas in conversation as they vacillated over the items that they wanted to buy.  While Mr. Papakostas' attention was thus diverted to the front of his stand, where the candy was located, the third youth reached into the rear of the stand and grabbed $45.00 from the cash box.  When Mr. Papakostas realized that he was being robbed, he screamed, and appellant and his companions fled in the same direction.

One week later the same youths approached the stand.  Upon recognizing them, Mr. Papakostas summoned the police.  Shortly thereafter, the youths were arrested, and Mr. Papakostas identified them as the perpetrators of the previous week's robbery.

Appellant first contends that the trial court erred in denying a defense request for the appointment of an interpreter to assist in the cross examination of the complaining witness.  Appellant argues that Mr. Papakostas' difficulties with understanding and speaking English were such that the absence of an interpreter precluded effective cross examination, thereby violating appellant's rights under the Confrontation Clause.  We disagree.

The decision to appoint an interpreter is committed to the sound discretion of the trial court, and will be reversed only for abuse of that discretion.  *Perovich v.*

*United States,* 205 U.S. 86, 91, 27 S.Ct. 456, 457, 51 L.Ed. 722 (1907); *see Sera-Leyva v. United States,* 133 U.S.App.D.C. 125, 126 n. 1, 409 F.2d 160, 161 n. 1 (1969), *aff'd after remand on other grounds,* 139 U.S.App.D.C. 376, 433 F.2d 534 (1970) (per curiam). The record indicates that although Mr. Papakostas spoke heavily accented English and had a tendency to repeat himself, the crucial elements of his testimony were quite understandable. We therefore conclude that in refusing to appoint an interpreter the trial court neither abused its discretion, *cf. Hilton v. United States,* 435 A.2d 383, 387–88 (D.C.1981); *In re B.D.T.,* 435 A.2d 378, 379 (D.C.1981), nor infringed appellant's right to confront the witnesses against him.

Appellant's second contention relates to the sufficiency of the evidence. Specifically, appellant argues that the evidence adduced at trial was insufficient to satisfy the guilty participation element of aiding and abetting. According to appellant, the evidence merely established his presence at the scene of a robbery performed by a person whose relationship, if any, with appellant was unclear, and appellant's flight following the robbery.

In assessing appellant's sufficiency claim we must review the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences. *See, e.g., Blackledge v. United States,* 447 A.2d 46, 49 (D.C.1982). The government is not required to negate every possible suggestion of innocence. *See id.* Instead, the evidence need only be such that reasonable persons could find guilt beyond a reasonable doubt. *See id.*

■ After reviewing the record from this perspective, we conclude that there was ample evidence from which the trier of fact could infer appellant's criminal complicity. The sole eyewitness testified that appellant approached the vending stand in the company of the perpetrator, and engaged in behavior designed to divert Mr. Papakostas' attention. Appellant's presence, coupled with conduct that facilitated the robbery, was sufficient to prove guilty participation.

*See Harris v. United States,* 377 A.2d 34, 37 (D.C.1977). Significantly, without making a purchase appellant fled in the same direction as the robber. Although mere flight would be insufficient to support an inference of guilty participation, the factfinder may infer such participation when, as here, the flight accompanied conduct that facilitated an unlawful act. *Cf. Bailey v. United States,* 135 U.S.App.D.C. 95, 100, 416 F.2d 1110, 1115 (1969) (with cautious application, flight may, under particular conditions, form basis for inference of consciousness of guilt). Accordingly, the conviction upon appeal is

*Affirmed.*