Melvin Tyrone BEACH, Appellant,

v.

UNITED STATES, Appellee.

No. 82–1162.

District of Columbia Court of Appeals.

Submitted July 12, 1983.

Decided Sept. 19, 1983.

Matthew C. Leefer, Boonsboro, Md., appointed by the court, was on brief, for appellant.

Stanley S. Harris, U.S. Atty. and Michael W. Farrell, John R. Fisher, Albert Angel, and John M. Facciola, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before NEWMAN, Chief Judge, and KERN, Associate Judge, and KELLY, Associate Judge, Retired.

1. D.C.Code § 33–541(c) (Supp.1982).

2. The court told the jury:

PER CURIAM:

In this appeal of his conviction for possession of a controlled substance,[1] appellant asserts as reversible error the trial court's rejection of a proffered stipulation as to what constitutes a "usable amount" of heroin and its admission of expert testimony on that question. As we are unpersuaded by appellant's contentions, we affirm his conviction.

The testimony at trial was that on October 31, 1981, two undercover policemen approached appellant in the 1900 block of 9th Street, Northwest, and gave him forty dollars in prerecorded bills in exchange for an envelope of heroin. Within minutes, a third policeman, Detective Finkelberg, responded to a radio call from the undercover officers and detained appellant. After the undercover policemen had driven by and identified appellant, Detective Finkelberg searched him and found seventy dollars, but no narcotics. Upon receiving verification that the serial numbers of forty dollars of appellant's seventy dollars matched the prerecorded serial numbers, Finkelberg arrested appellant.

The trial court permitted the parties to stipulate that the chain of custody of the contraband had remained intact and that the contraband was in fact heroin. It refused to accept the parties' proffered stipulation that the quantity of heroin which appellant had allegedly sold to the police had been a usable amount. Thereafter, despite appellant's objection, the court ruled that Detective Finkelberg qualified as an expert on narcotics use and that he could give his opinion on the issue of usable amount in addition to testifying about the events that led to appellant's arrest. In its final instructions to the jury, the court cautioned that it was necessary to separate the two capacities in which Finkelberg had testified and to evaluate them accordingly.[2]

Now Detective Finkelberg, the heavy-set gentleman, testified in a dual capacity. He testified as to what he saw and heard that

### I

In order to expedite the progress of a trial, a trial judge may accept a stipulation of the parties and thereby dispense with the proof of facts for which witnesses would otherwise be called. *Oscanyan v. Arms Co.,* 103 U.S. 261, 263, 26 L.Ed. 539 (1880); *Niosi v. Aiello,* 69 A.2d 57, 59 (D.C. 1949). Conversely, a court may set aside a stipulation wherever justice requires. *Santucci v. Mancuso,* 78 A.2d 671, 673 (D.C. 1951); *Laughlin v. Berens,* 73 App.D.C. 136, 139, 118 F.2d 193, 196 (1940); *see Perry v. United States,* 364 A.2d 617, 620 n. 4 (D.C. 1976). In exercising its discretion, however, the trial court must choose so that its judgment reflects "what is right and equitable under the circumstances and the law." *Johnson v. United States,* 398 A.2d 354, 361 (D.C.1979) (quoting *Langnes v. Green,* 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931)).

We do not know why the trial judge decided not to accept the parties' proffered stipulation regarding a usable amount of heroin. He simply stated, "[t]he court wishes to hear expert testimony in this particular matter and declines to accept the stipulation." Although it was necessary for the government to prove that a usable amount of heroin was involved in order to obtain a conviction, *see Edelin v. United States,* 227 A.2d 395, 399 (D.C.1967), the stipulation would have met that requirement. *See Niosi v. Aiello, supra,* 69 A.2d at 59. Our view is that it is appropriate and desirable for a court to accept such stipulations where it concludes that the proceedings will be expedited and that the defendant will not be prejudiced thereby. Nevertheless, we cannot conclude from this record that the court abused its discretion in rejecting this proffered stipulation.

### II

Appellant argues that the trial court abused its discretion when it permitted Detective Finkelberg to testify both as the arresting officer and as an expert on the use of narcotics. More specifically, he contends that the potential prejudicial impact of Finkelberg's dual role far exceeded the probative value of his expert testimony, especially since the parties had attempted to stipulate to the issue on which he gave expert testimony.

A trial court has broad discretion to determine whether expert evidence should be admitted and its ruling must be sustained unless it is manifestly erroneous. *Brooks v. United States,* 448 A.2d 253, 258 (D.C.1982). We have said that although it is objectionable to pose questions to an expert which in effect submit the whole case to him, an expert may state his opinion concerning ultimate facts to the extent necessary to aid the jury. *Lampkins v. United States,* 401 A.2d 966, 970 (D.C.1979). The admission of such evidence remains subject to the general rule that its probative value must exceed its prejudicial impact. *Id.* at 970.

Detective Finkelberg's expert testimony consisted of a general description of heroin and of what constitutes a usable

---

day. As to that, he is as any other witness. He also testified with respect to the fact—excuse me, that the use of heroin on the street—to the use of heroin on the street and to the nature of the drug.

On that he testified from his experience as an expert. As I explained to you he could give you his opinion on that matter. An exception to the rule as to why he can give his opinion is because he is an expert witness. That is because they, by education and experience, have become expert in that particular matter in which we found them to be qualified and they may state their opinion as to relevant matters.

But you are not bound by the opinion of an expert, ladies and gentlemen. If you should decide that the opinion of the expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of his expert opinion are not sound, or that his opinion is outweighed by other evidence, you may disregard his expert opinion in whole or in part.

In other words, you should consider the expert's testimony—the expert part of Mr. Finkelberg's testimony, in connection with the other evidence in the case and give it such weight as in your judgment it is fairly entitled to receive.

amount of that drug. The court's unexpected rejection of the proffered stipulation made it necessary for the government to present expert testimony in order to prove that point. *See Edelin v. United States, supra,* 227 A.2d at 399. Consequently, we find no error in the mere admission of testimony on that issue.

But Detective Finkelberg also testified about the events surrounding appellant's arrest and it is apparent that this testimony aided the jury in determining the ultimate issue whether appellant was guilty of possession of a controlled substance. *See Lampkins v. United States, supra,* 401 A.2d at 970. Thus there was a substantial danger that appellant would be prejudiced because Finkelberg's credibility as a lay witness was bolstered by his testifying as an expert. The record shows that other expert witnesses were available to the government and that the government had not planned to use Finkelberg as both an expert and lay witness until it received the court's encouragement to do so. Given the potentially prejudicial impact of Finkelberg's dual role,

it would have been prudent for the court to require the government to present another expert witness. We are not convinced that the court adequately fulfilled its duty to appellant by simply giving its cautionary instruction to the jury. We conclude therefore, that the trial court erred by permitting the government to present Detective Finkelberg as both an expert and lay witness. The error was harmless, however, because we can say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946).[3]

*Affirmed.*

---

**3.** Appellant further contends that D.C.Code § 33–564(c) (Supp.1982), requires the suppression of the currency that was seized from him when he was arrested and that, therefore, the trial court erred in denying his motion to suppress it. He also concedes, however, that we rejected this very argument in *United States v.* *Hamilton,* 390 A.2d 449 (D.C.1978), with regard to D.C.Code § 33–402(c) (1973) [recodified as D.C.Code § 33–564(c) (Supp.1982)]. As we find the facts of this case virtually identical to those in *Hamilton,* we again reject this argument.