**Robert BATES, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–1054.

District of Columbia Court of Appeals.

Argued Dec. 11, 1984.
Decided Feb. 29, 1988.

Jennifer P. Lyman, Public Defender Service, for appellant. James Klein and John P. Dwyer, Public Defender Service, Wash-

from this case.

ington, D.C., were on the brief, for appellant.

John M. Facciola, Asst. U.S. Atty., with whom Joseph E. di Genova, U.S. Atty., Michael W. Farrell, Asst. U.S. Atty., and Judith Hetherton and Gordon Andrew McKay, Asst. U.S. Attys., Washington, D.C., at the time the brief was filed, were on the brief, for appellee.

Before PRYOR, Chief Judge, and BELSON and TERRY, Associate Judges.

TERRY, Associate Judge:

This case was held in abeyance pending the decision of another division of the court in *Rose v. United States*, No. 85–111, which in turn was held pending the decision of the court en banc in *Ford v. United States*, No. 83–1105. Both of those cases have now been decided. *Ford v. United States*, 533 A.2d 617 (D.C.1987) (en banc); *Rose v. United States*, 535 A.2d 849 (D.C. 1987). The evidence in this case is materially indistinguishable from that in *Rose*.[1] We hold, therefore, that the evidence adduced at appellant's trial was insufficient to prove him guilty of soliciting for a lewd and immoral purpose, in violation of D.C. Code § 22–2701 (1987 Supp.).

The government also presented expert testimony in this case, as it did in *Ford*.[2] This case is different from *Ford* in that here the defense did not object to the admission of the expert testimony, so that appellant must bear the heavy burden of demonstrating that its admission was plain error. *See Watts v. United States*, 362 A.2d 706, 709 (D.C.1976) (en banc). We need not decide whether the court committed plain error in allowing the officers to testify as experts on the "ultimate issue"[3] because the expert testimony here, as in *Ford*, "shed no light on what [appellant] might or might not have said to the motorists who stopped their cars and talked with [him]." *Ford, supra*, 533 A.2d at 627. The trial court expressly relied on the expert testimony, in combination with all the other evidence, in finding appellant guilty.[4] Since the expert testimony, even assuming it was otherwise admissible, did not overcome the fatal deficiencies in the government's evidence—the same deficiencies that we found in *Rose*—we agree with appellant that the government did not meet its burden of proving beyond a reasonable doubt all the elements of the offense. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970).

We therefore reverse appellant's conviction and remand the case to the trial court with directions to enter a judgment of acquittal. *Ford, supra*, 533 A.2d at 627.

*Reversed and remanded with directions.*

---

1. Two police officers testified that they maintained a surveillance of appellant for approximately forty-five minutes, from 12:30 to 1:15 a.m., in an area known for a high concentration of prostitution activity. Appellant, although male, was dressed in women's clothing—a purple dress, a blue jacket, and high-heeled shoes. As the officers watched, appellant and his companion (also a man dressed in women's clothing) waved at approximately thirty passing cars, all of which were occupied exclusively by men. Both officers heard appellant repeatedly call out to the occupants of those cars "Hey, baby" and "Hey, pull over." At no time, however, did either officer overhear any conversation relating to sexual acts, see any money exchanged, or see any sexual acts performed. On one occasion, after speaking with the occupants of one car, appellant and his companion got into the car and drove away. About fifteen minutes later they returned in the same car and resumed their earlier activity of waving and shouting at passing motorists.

2. Both police officers were accepted by the court as experts in the manner and conduct of persons who solicit for lewd and immoral purposes. One of them then testified that in his opinion appellant was soliciting for lewd and immoral purposes; the other expressed the opinion that appellant was soliciting for the purpose of prostitution.

3. *See Beach v. United States*, 466 A.2d 862, 864 (D.C.1983); *Lampkins v. United States*, 401 A.2d 966, 969–970 (D.C.1979).

4. After summarizing the testimony, the trial court said:

   No one of these facts standing alone, I think, would be sufficient, and perhaps no two or three of them, but all of them together, I think, are sufficient for me to find that the purpose of Mr. Bates in engaging in this activity was, indeed, for prostitution.

BELSON, Associate Judge, concurring:

I concur because the division is bound by the holding in *Rose v. United States*, 535 A.2d 849 (D.C.1987). It is my opinion, however, that *Rose* was decided incorrectly, largely for the reasons set forth in Judge Nebeker's dissents in that case and in *Ford v. United States*, 533 A.2d 617 (D.C.1987) (en banc).