**GLORIOUS FOOD, INC. (NEW YORK), Appellant,**

v.

**GEORGETOWN PROSPECT PLACE ASSOCIATES and Robert R. Elliott, Appellees.**

No. 93–CV–430.

District of Columbia Court of Appeals.

Argued Sept. 13, 1994.
Decided Oct. 20, 1994.

John Perazich, with whom Jeanne Jones-Sullivan, Washington, DC, was on the brief, for appellant.

Allen V. Farber, Washington, DC, for appellees.

Before TERRY and STEADMAN, Associate Judges, and PRYOR, Senior Judge.

PRYOR, Senior Judge:

In a conversion action brought against a lessor of commercial property, appellant, a former lessee who initially operated a restaurant and catering business at the leased premises, sought to recover the fair market value of its restaurant equipment, which remained on the premises after a default under the lease agreement. The trial court granted

the lessor's motion for a directed verdict on the ground that appellant failed to establish its damages. Appealing from this ruling, appellant contends the trial judge abused his discretion by (1) disqualifying its proffered expert witness on the valuation of restaurant equipment, and (2) subsequently disallowing this same witness from testifying as a fact witness. Finding merit in appellant's latter contention, we reverse the trial court's order for a directed verdict and remand for a new trial.

## I. Facts

Glorious Food, Inc. ("Glorious Food"), a corporation, leased retail office space in the District from Georgetown Prospect Place Associates ("Georgetown Prospect"), a limited partnership,[1] in order to operate a restaurant and catering business. Glorious Food subsequently sold this business to Douglas DeRosa, but retained a security interest in certain restaurant equipment which remained at the leased premises as security for payment. Under the amended lease agreement, Glorious Food agreed to guarantee payments of rent owed by DeRosa. DeRosa subsequently defaulted in his payments to both Glorious Food and Georgetown Prospect, and as a consequence, Georgetown Prospect initiated a landlord-tenant action to recover possession of the leased premises. The parties ultimately resolved this matter by entering into a settlement agreement which granted possession of the leased premises to Georgetown Prospect. This settlement agreement also provided that Georgetown Prospect could elect to purchase from Glorious Food the restaurant equipment for its fair market value.

In January of 1988, Georgetown Prospect notified Glorious Food of its interest in buying the used restaurant equipment. When the parties could not agree on the price for restaurant equipment, Glorious Food requested the return of the equipment. Georgetown Prospect failed to relinquish the equipment. On November 21, 1991, Glorious

Food filed a conversion action seeking to recover the fair market value of the equipment as of January 1988. At trial, Glorious Food proffered Kenneth R. Gill as an expert on the valuation of restaurant equipment. In support of his qualification to testify as an expert, Mr. Gill testified that during the past twenty-five years, he was involved with supplying restaurant equipment and designing restaurants in the Washington–Baltimore area. In addition, Mr. Gill testified that he obtained recognition in this area from the National Association of Manufacturers and that he was a commissioned salesman of restaurant equipment for approximately ten years. He further stated that he had previously testified as an expert in other cases. However, several times during his cross-examination, Mr. Gill was confronted with his earlier deposition testimony in which he stated that he had no experience in valuing or pricing restaurant equipment.

In light of these inconsistencies regarding Mr. Gill's qualifications, the trial judge found that Mr. Gill did not have appropriate experience in purchasing or selling restaurant equipment, and therefore concluded that Mr. Gill was not qualified to testify as an expert on the valuation of restaurant equipment.

After the trial court declined to qualify Mr. Gill as an expert, Glorious Food attempted to introduce him as a fact witness since he took photographs of the restaurant equipment in August of 1992.[2] Relying upon this court's decision in *Beach v. United States*, 466 A.2d 862 (D.C.1983) (per curiam), the trial court reasoned that this jurisdiction prohibits the same person from testifying as an expert and a fact witness in the same proceeding, and therefore, denied Glorious Food's request to allow Mr. Gill to testify as a fact witness. The trial judge also relied upon the fact that Mr. Gill was not listed as a fact witness in the pretrial statement.

At the close of the evidence, Georgetown Prospect moved for a directed verdict on several grounds, one of which included the lack of evidence establishing damages. In

1. Robert R. Elliott is a general partner of Georgetown Prospect and a named party in this appeal. For the purpose of this appeal, our reference to appellee Georgetown Prospect is intended to include Mr. Elliott.

2. Other than Mr. Gill, no one from Glorious Foods had had access to the equipment since the sale of the business in March 1987, and therefore its officers could not testify as to the equipment's condition at the time of the conversion or thereafter.

considering this motion, the trial court stated:

> This case concerns a claim for lost damages of property used in a commercial restaurant. The type of property that a jury would have no experience with and would have no basis to evaluate absent some showing of what used restaurant equipment is worth some five to ten years after it was installed.... No such evidence has been presented by the [appellant].... The only person who might have had that knowledge was an expert witness, Mr. Gill. But ... Mr. Gill was not qualified to give that opinion.

Persuaded by the argument that Glorious Food failed to demonstrate its damages, the trial court granted Georgetown Prospect's motion for a directed verdict. Glorious Food filed a timely appeal.

## II. Discussion

### A. *Qualification of Expert Testimony*

■ The threshold determination as to whether a witness is qualified to testify as an expert is within the trial court's discretion, and it is subject to reversal only upon finding an abuse. *See Otis Elevator Co. v. Tuerr,* 616 A.2d 1254, 1256 (D.C.1992); *In re Melton,* 597 A.2d 892, 897 (D.C.1991) (en banc); *Bell v. Jones,* 523 A.2d 982, 990 (D.C.1986); *Waggaman v. Forstmann,* 217 A.2d 310, 311 (D.C.1966); JOHN W. STRONG, MCCORMICK ON EVIDENCE § 13, at 55 (4th ed. 1992). "[T]o qualify as an expert witness and render an opinion, the witness must have sufficient skill, knowledge, or *experience* in that field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." *Tuerr, supra,* 616 A.2d at 1256 (internal quotations and citations omitted) (emphasis added); *see Street v. Hedgepath,* 607 A.2d 1238, 1244 (D.C.1992); *In re Melton, supra,* 597 A.2d at 897; *Dyas v. United States,* 376 A.2d 827,

832 (D.C.), *cert. denied,* 434 U.S. 973, 98 S.Ct. 529, 54 L.Ed.2d 464 (1977). While a witness may be qualified to testify as an expert on the basis of his experience in a particular field,[3] a trial judge is not obliged to qualify a proffered expert when there are articulable reasons to doubt his competency. *See generally United States v. Crosby,* 149 U.S.App.D.C. 306, 308, 462 F.2d 1201, 1203 (1972) ("once a trial judge is confronted by any 'red flag' of *material* fact upon competency of a witness, an inquiry must be made into the facts and circumstances relevant thereto").

■ Glorious Food contends that sufficient evidence was introduced to support Mr. Gill's qualification as an expert on the valuation of restaurant equipment, and that the trial court improperly substituted its judgment for that of the jury in assessing the credibility of Mr. Gill's testimony concerning his qualifications. In this case, Mr. Gill's testimony at trial regarding his qualifications as an expert on the valuation of restaurant equipment was directly contradicted by his prior deposition testimony. Mr. Gill stated at his deposition that his employment experience did not involve the valuation of restaurant equipment. Similarly, Mr. Gill's statement at trial that he had attended a seminar on the valuation of restaurant equipment was inconsistent with an earlier response made during his deposition in which he admitted not having any training on the subject. Since it is within the trial judge's province to "make a finding in respect to the individual qualifications of [a] challenged expert[,]," *Jenkins v. United States,* 113 U.S.App.D.C. 300, 309, 307 F.2d 637, 646 (1962) (en banc), we are unpersuaded by Glorious Food's claim that the trial judge improperly usurped the function of the jury. Under these circumstances, the trial judge did not abuse his discretion in ruling that the witness was not qualified to express his opinion on this subject.[4]

---

3. *See Roldan v. United States,* 353 A.2d 292, 295 (D.C.1976) (pawn shop employee qualified to testify as an expert on the retail value of cameras); *Owens v. United States,* 115 U.S.App.D.C. 233, 234, 318 F.2d 204, 205 (1963) (per curiam) (showroom manager qualified to testify as to the value of a television set); *Sawyer v. Monarch Cab Co.,* 164 A.2d 340, 341 (D.C.1960) (office manager of cab company testified on the value of a damaged vehicle and its salvageable parts).

4. Although the trial judge disregarded Mr. Gill's testimony that he had previously been qualified as expert witness on two occasions, one of which was in the District of Columbia, we note that previous qualification as an expert is a factor normally considered in a trial court's assessment of a proffered expert's qualification to testify. *See Tuerr, supra,* 616 A.2d at 1257.

### B. *Lay Opinion Testimony*

■ In reviewing the trial court's basis for precluding Mr. Gill from testifying as a fact witness, we find that the trial judge's reliance upon *Beach, supra,* is misplaced. In *Beach,* this court concluded that it was improper to allow a police detective to testify as both an expert and a lay witness in a criminal proceeding since his dual capacity as a witness would unfairly bolster his credibility and result in prejudice to the defendant. *Beach, supra,* 466 A.2d at 865. *See Harris v. District of Columbia,* 601 A.2d 21, 25 n. 4 (D.C. 1991). While this prejudicial concern has also been recognized in the context of civil proceedings, *see Greenberg v. Sher,* 567 A.2d 882, 885 n. 7 (D.C.1989) (breach of contract action); *Bell, supra,* 523 A.2d at 990 (negligence action), the instant case is distinguishable because Mr. Gill did not serve a dual role as a witness. For the reasons addressed earlier, the trial court found that Mr. Gill was not qualified to testify as an expert. Since Mr. Gill did not testify as an expert, there was no reason to believe that the admission of his lay testimony would be bolstered and result in prejudice to Georgetown Prospect.

■ The trial court's alternative basis for excluding Mr. Gill from testifying as a lay witness was that he was not designated as a fact witness in the parties' pretrial statement.[5] Notwithstanding this fact, the record demonstrates that Mr. Gill was listed on the pretrial statement. Although Mr. Gill was expected to testify as an expert at trial, Georgetown Prospect cannot persuasively argue surprise when Glorious Food attempted to introduce him as a lay witness.[6]

In a recent opinion in which this court rejected a commercial lessor's contention that the lessee failed to establish her damages, we explained that, while expert testimony would have been helpful in assisting the jury, the lessee's lay testimony on the value of her damages was sufficient for the jury's consideration under the circumstances. *See Columbus Properties, Inc. v. O'Connell,* 644 A.2d 444, 449 (D.C.1994). Clearly, expert testimony on the valuation of restaurant equipment would have been useful in establishing damages in the instant case. While a trial court has "broad discretion" with respect to matters involving pretrial statements and orders, *see Cooper v. Safeway Stores, Inc.,* 629 A.2d 31, 35 (D.C.1993), nonetheless Rule 16 does not contemplate or require that rigid adherence to the pretrial order must always be exacted. *Taylor v. Washington Hosp. Ctr.,* 407 A.2d 585, 592 (D.C.1979). Given the trial judge's misreading of the *Beach* decision, the absence of any surprise or prejudice caused to appellee in allowing Mr. Gill (a witness in fact listed in the pretrial statement) to testify as a fact witness, and the harm caused to Glorious Food in excluding his testimony, we find that the trial judge abused his discretion in precluding Mr. Gill from testifying as a lay witness. See cases cited in note 5, *supra.*[7]

---

5. The relevant rule concerning witnesses listed in a pretrial statement provides that:
> Except for rebuttal or impeachment purposes, no party may offer at trial the testimony of any witness not listed in the pretrial statement of that party ... without leave of court.

Super.Ct.Civ.R. 16(d).

6. *See Sanchez v. Eleven Fourteen, Inc.,* 623 A.2d 1179, 1180 n. 1 (D.C.1993) (admission of evidence not listed in pretrial statement was no surprise to opposing party and the failure to list the subject evidence did not result in prejudice); *Kling v. Peters,* 564 A.2d 708, 714–15 (D.C.1989) (ophthalmologist's "trial testimony came as no surprise" despite the fact the pretrial statement did not specifically mention causation as an issue to be addressed by the witness); *Regional Redevelopment Corp. v. Hoke,* 547 A.2d 1006, 1008 (D.C.1988) (although plaintiff was not listed as an expert in the pretrial statement, defendant was neither unfairly surprised nor prejudiced in allowing plaintiff to testify as an expert at trial). While "pretrial procedures are designed to remove cases from the realm of surprise," *Daniels v. Beeks,* 532 A.2d 125, 128 (D.C.1987) (citing *Taylor v. Washington Hosp. Ctr.,* 407 A.2d 585, 592 (D.C.1979), *cert. denied,* 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980)), they do not "contemplate or require that rigid adherence to the pretrial order must always be exacted." *Clarke v. District of Columbia,* 311 A.2d 508, 511 (D.C.1973). *See also Manbeck v. Ostrowski,* 128 U.S.App.D.C. 1, 384 F.2d 970 (1967).

7. We find no error in the trial court's ruling that Georgetown Prospect was not entitled to a directed verdict on the ground that the statute of limitations had lapsed. *See Interdonato v. Interdonato,* 521 A.2d 1124, 1135–36 (D.C.1987) (court is precluded from granting summary judgment if there is a factual dispute as to whether defendant is estopped from asserting statute of limitations as a bar to suit); *e.g., Bailey v. Greenberg,* 516 A.2d 934, 940 (D.C.1986). Likewise, we agree with the trial court that the record contained sufficient evidence on the issue of

### III. Conclusion

We find that the trial court abused its discretion in refusing to admit Mr. Gill's lay testimony regarding the subject restaurant equipment. Accordingly, we reverse the trial court's directed verdict and remand for a new trial.

*So ordered.*

ownership to preclude a directed verdict on that ground.