Anthony F. EASON, Appellant,

v.

UNITED STATES, Appellee.

No. 95–CF–4.

District of Columbia Court of Appeals.

Submitted June 12, 1997.

Decided June 16, 1997.

Neal L. Thomas, Washington DC, filed the petition for appellant.

Eric H. Holder, United States Attorney at the time, and John R. Fisher and Elizabeth Trosman, Assistant United States Attorneys, filed the petition for the United States.

Before WAGNER, Chief Judge, and FERREN, TERRY, STEADMAN, SCHWELB, FARRELL, KING, RUIZ, and REID, Associate Judges.

## ON REHEARING EN BANC

PER CURIAM.

In *Beach v. United States,* 466 A.2d 862 (D.C.1983), this court held that it was error for the trial court to allow a witness to testify as both an expert and a lay witness in a prosecution for possession of a controlled substance.[1] The court concluded that "there was a substantial danger that appellant would be prejudiced because [the expert's] credibility as a lay witness was bolstered by his testifying as an expert." *Id.* at 865. It rejected the argument that the trial court was able to forestall prejudice from such testimony "by simply giving its cautionary instruction to the jury." *Id.* The court nonetheless found the error in permitting this dual testimony to be harmless under the standard of *Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946). *Id.*

In the present case, though not a drug prosecution, a division of this court recognized the binding authority of *Beach* under *M.A.P. v. Ryan,* 285 A.2d 310 (D.C.1971), and implicitly found the admission of dual expert and lay testimony by a detective to be error, although again—as in *Beach*—harmless error. *Eason v. United States,* 687 A.2d 922 (D.C.1996) (*Eason I*).[2] At the same

---

1. The expert, a police detective, generally described the properties of heroin and opined on what constituted a "usable" amount of the drug (the latter required by this court's then-prevailing doctrine). As a lay witness, the detective also testified about the events surrounding the defendant's arrest.

2. The detective gave expert testimony on blood spatter analysis and also testified extensively as a fact witness to matters he had observed at the scene of the shooting. Strictly speaking, the issue before the division was whether allowing the combined testimony was plain error since the defendant had not objected to it, but in affirming we cited the non-constitutional test of *Kotteakos*

time, the division criticized *Beach* as having "cited nothing as authority for [its] holding," and could itself find no "rationale ... which would justify the bright line rule we adopted in *Beach* as distinguished from the discretionary one which we rejected there." *Id.* at 926 (footnotes omitted).

■ We now grant the government's petition for rehearing en banc and overrule *Beach* insofar as it declared a *per se* ban on dual lay and expert testimony by a single witness in a criminal trial. Rather, we agree with the division that the decision should be left to the trial court's discretion in each case whether the danger of jury confusion can be neutralized by lesser measures than exclusion of dual testimony altogether. Indeed, in the broad run of cases we think the risk of undue prejudice to the defendant from such testimony by an expert (*e.g.,* a police detective) wearing "two hats" will be slight. And, as the division noted, "[i]n a given case [where] a witness may give critical factual (lay) testimony and testify only secondarily as an expert," an instruction "pointing out to the jury that the [witness] testified in a dual capacity and [admonishing] the jury to evaluate his testimony separately" will ordinarily suffice to prevent confusion. *Eason I,* 687 A.2d at 927 n. 8 (internal quotation marks omitted). What cannot be defended, we conclude, is an outright prohibition of dual testimony in every case.

In support of this conclusion, we observe that "every federal court to consider the issue of dual testimony as both a fact and expert witness has concluded that the Federal Rules of Evidence permit such testimony." *United States v. Catlett,* 321 U.S.App. D.C. 108, 114, 97 F.3d 565, 571 (1996); *see also, e.g., United States v. Thomas,* 74 F.3d 676, 682 (6th Cir.1996); *United States v. Foster,* 939 F.2d 445, 452 (7th Cir.1991); *United*

*States v. Young,* 745 F.2d 733, 759 (2d Cir. 1984) (citing cases).[3] Moreover, this court has recognized that it is "not improper to allow [an expert] witness ... to give testimony based on both his expert opinion and his personal knowledge." *Ohio Valley Constr. Co. v. Dew,* 354 A.2d 518, 523 (D.C.1976); *see also Hartford Accident & Indem. Co. v. Dikomey Mfg. Jewelers, Inc.,* 409 A.2d 1076, 1081 (D.C.1979) ("[k]nowledge based on personal inspection or observation" is a "preferred" basis for expert opinion testimony).[4] In some cases, as the government points out, the personal observations on which an expert relies will be as important to the case as the expert opinion itself (as, for example, when a medical examiner describes the location of wounds before stating an opinion as to manner and cause of death). That is not a reason to deprive the jury of either.

In sum, so long as instructions are given when necessary to protect against jury confusion from dual testimony, failure to exclude the testimony will only rarely be error. In this case, the admission of expert and fact testimony by the detective, though without a cautionary instruction, was unobjectionable for much the same reasons the division found any "error" to be harmless. *See Eason I,* 687 A.2d at 927. Accordingly, we vacate that portion of the *Eason I* opinion which (on the authority of *Beach* ) found error in the admission of the detective's testimony. In all other respects, the opinion and judgment affirming appellant's convictions shall stand.[5]

*So ordered.*

---

for harmless error. *See Eason I,* 687 A.2d at 927.

**3.** Nothing distinctive in Fed.R.Evid. 702 (Testimony by Experts) or 703 (Bases of Opinion Testimony by Experts) would serve to differentiate federal practice in this regard from practice in the Superior Court. In any event, this court has looked for guidance to the principles underlying the federal rules of evidence concerning expert

testimony. *See In re Melton,* 597 A.2d 892, 901 (D.C.1991) (en banc).

**4.** *Cf. Adkins v. Morton,* 494 A.2d 652, 657 (D.C. 1985) (treating physician should have been permitted to testify as both fact and expert witness despite not having been named under Super. Ct. Civ. R. 26(b)(4)).

**5.** It follows that we deny the petition for rehearing en banc filed by appellant.