UNITED STATES of America, Appellee,

v.

Samuel SOSA and Julio Argumedo, Appellants.

Nos. 15810, 15811.

United States Court of Appeals Seventh Circuit.

May 22, 1967.

Rehearing Denied in No. 15810 June 15, 1967.

Angelo Ruggiero, Stephen Levy, Chicago, Ill., for appellants.

Edward V. Hanrahan, U. S. Atty., Gerald M. Werksman, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Lawrence E. Morrissey, Asst. U. S. Atty., of counsel.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

These are two appeals from convictions of Samuel Sosa and Julio Argumedo, on an indictment charging them with conspiracy to deal in narcotics, in violation of Title 21 U.S.C.A. § 174, following a bench trial by the district court. Each was sentenced to serve a term of six years imprisonment.

On appeal, Sosa contends the trial court erred in failing to produce an informant and in not giving him ample time to interview the informant. He also urges he was not proven guilty beyond a reasonable doubt.

In his appeal, Argumedo contends he was entrapped and that the trial court abused its discretion in refusing to permit him to present his testimony with the aid of an interpreter.

The Government's chief witness was narcotics agent, Robert E. Waltz. He testified that while working as an undercover agent, he was introduced to Sosa by an informant on September 17, 1964. He evidently developed his contact with Sosa, and on November 17, 1964, Sosa informed him he had a quantity of heroin available through a friend. Waltz expressed interest in purchasing heroin, and Sosa told him he would introduce him to the friend, who was Mexican and spoke English with an accent. Sosa indicated he would arrange a meeting and also stated that he was to receive as much as $2000 for arranging the deal.

The meeting was held at the Cafe Olé in Chicago, Illinois, where Sosa told Waltz he would meet a man named Julio. Waltz met Julio Argumedo as planned, who told him the heroin was in Mexico.

At a subsequent meeting, Argumedo told Waltz he would go to Mexico to get the heroin and contact Waltz when he returned.

On December 22, 1964, Waltz talked to Sosa and indicated that he was worried, not having heard from Argumedo. Sosa told him not to worry and stated he had given Argumedo $500 as a part of expense money, evidently for the trip to Mexico.

On December 28 Sosa called Waltz and told him Argumedo had returned and would call him the next day, which he did. Argumedo arranged a meeting with Waltz.

At the meeting, Waltz received a sample of narcotics from Argumedo. When Waltz had tested this privately, he talked to narcotic agents and returned to meet Argumedo again. He told Argumedo he was satisfied with the sample. Argumedo left and returned forty-five minutes later with the remaining narcotics, at which time he was arrested.

During the trial, Sosa asked for the name and address of the informant who introduced Waltz to him. This was furnished the next day, one day before the end of the trial. No request was made for a continuance in order to locate and subpoena the informant.

On appeal, it is argued that the Government should have done more, that the informant should have been produced or that Sosa should have been given, without motion on his part, sufficient time to seek out and interview the informant.

The informant was not a participant in the crime and was not shown to have been related to the acts involved. The record does not reveal the informant would have been or was thought to be a critical or even useful witness. In addition, assuming the informant might have been useful in testing Waltz's credibility with respect to his introduction to Sosa, Sosa failed to ask for a continuance to locate or interview the informant.

▄ The Government satisfied its duty toward the conduct of a fair trial by supplying the name and address of

the informant. The burden of the use of the information fell upon Sosa. Upon good cause shown, a continuance or further disclosure by the Government might have been proper. As Sosa was content with the information supplied, he will not now be heard to say he was prejudiced because the Government failed to do more than fairness required it to do.

As to the contention that Sosa was not proven guilty beyond a reasonable doubt, we note that, in essence, Sosa's attack is not upon the sufficiency of the evidence, but upon the credibility of witnesses, Sosa preferring his story to that of Waltz.

■■■ Generally, credibility determinations are not reviewable on appeal. Insofar as the sufficiency of the evidence is concerned, it is axiomatic that on an appeal from a conviction, the evidence and the inferences to be drawn from it are to be viewed in a light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Reviewing the evidence under this stricture, we are unable to say that the evidence, together with the obvious credibility resolutions made by the trial court, does not prove Sosa guilty beyond a reasonable doubt.

Argumedo argues that the acts for which he was convicted were done at the solicitation of the Government; in short, that he was entrapped. This defense was presented to the trial court.

In reading the evidence, we are constrained, because of the finding of guilty and its attendant credibility resolutions, to assume the truth of the Government's case where it is essential to the verdict and where it conflicts with that of Argumedo.

■■■ The evidence simply does not correspond to Argumedo's theory that Waltz over a period of four months carefully nurtured in Argumedo the scheme to obtain narcotics and that he "incessantly belabored" Argumedo into capitulation.

The evidence rather tends to show a Government use of artifice and stratagem to present an opportunity for the commission of a crime. The Government may engage in such behavior without endangering its prosecution by a defense of entrapment. Sherman v. United States, 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Sorrells v. United States, 287 U.S. 435, 441, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

■■■ There is no undisputed testimony which "makes it patently clear that an otherwise innocent person was induced to commit the act complained of by the trickery, persuasion, or fraud of a government agent." United States v. Millpax, Inc., 7 Cir., 313 F.2d 152, 156–157 (1963), cert. den., 373 U.S. 903, 83 S. Ct. 1291, 10 L.Ed.2d 198 (1963). We hold the record does not justify a conclusion that the Government must bear the responsibility for the criminal conduct in this case.

Argumedo's final contention is that the trial court abused its discretion and committed prejudicial error in refusing to permit him to present his testimony with the use of an interpreter.

■■■ The use of an interpreter is discretionary with the trial court. Perovich v. United States, 205 U.S. 86, 27 S.Ct. 456, 51 L.Ed. 722 (1907). In the instant case, the trial judge stated he could understand Spanish, a statement borne out by the record. Argumedo's testimony, however, was in English. We have examined it and find it does not disclose that he was hampered in understanding or testifying. For that reason and since the trial was to the court and the court knew Spanish, we conclude that the trial court did not abuse its discretion in denying the use of an interpreter.

The judgments of conviction appealed from are affirmed.

Affirmed.