**UNITED STATES of America,**
**Appellee,**

v.

**Hector RODRIGUEZ, Appellant.**
**No. 13966.**

United States Court of Appeals,
Fourth Circuit.

April 15, 1970.

**206**

Sidney Barney, Petersburg, Va., court-appointed counsel, for appellant.

David G. Lowe, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and CRAVEN, Circuit Judges.

PER CURIAM:

Hector Rodriguez appeals from his conviction by a jury on a charge of assisting and participating in a mutiny and riot at the Federal Reformatory at Petersburg, Virginia, in violation of 18 U.S.C. § 1792.

Rodriguez' first trial, at which he was furnished an interpreter by the court, resulted in a hung jury. Prior to his second trial his request that the court again provide the services of an interpreter was denied. On appeal Rodriguez challenges the reliability of his identification as a participant in the disturbance and also alleges denial of due process in the court's refusal to provide the services of an interpreter at the second trial.

There was positive eyewitness testimony identifying Rodriguez as a participant in the riot. A correctional supervisor at the Reformatory testified that shortly after the outbreak of the disturbance he saw Rodriguez standing on a bench shouting to the inmates and that Rodriguez failed to return to his quarters upon the sounding of the recall whistle. Officer Hosey positively identified Rodriguez as one who, after being locked in the dormitory, brought furniture to the front of the building and set up a barricade against the doors. Rodriguez' own witness, Senior Officer Connaughton, positively identified Rodriguez as one of the inmates who was "rioting in the dormitory."

Prior to the second trial the court held an evidentiary hearing on the request for an interpreter. An interpreter was present during the first trial but was not used. Rodriguez indicated that he had understood everything that had happened during his first trial, and his attorney advised the court that he had no difficulty communicating with Rodriguez without the aid of an interpreter, whereupon the court concluded that an interpreter would be unnecessary at the second trial.

Use of an interpreter is a matter within the sound discretion of the trial court. Perovich v. United States, 205 U.S. 86, 91, 27 S.Ct. 456, 51 L.Ed. 722 (1907); United States v. Sosa, 379 F.2d 525, 527 (7 Cir. 1967), cert. denied, 389 U.S. 845, 88 S.Ct. 94, 19 L.Ed.2d 111. We find no abuse here of the court's discretion.

Accordingly, the judgment of conviction is

Affirmed.