**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5137**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

        v.

JAMES E. HOOKER,

                  Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, District Judge.  (4:09-cr-00034-MSD-TEM-1)

Submitted:  September 28, 2010          Decided:  October 29, 2010

Before KING, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Ellenson, Newport News, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James E. Hooker appeals his convictions for one count of conspiracy to obstruct, delay and affect commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2006), one count of robbery and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 1951(a) & 2, and possession of a firearm in furtherance of a crime of violence and aiding and abetting such conduct, in violation of 18 U.S.C.A. § 924(c) & 2 (West 2000 & Supp. 2010). Hooker argues that the district court abused its discretion in directing that an interpreter be used for two Korean eyewitnesses. Finding no error, we affirm.

Under 28 U.S.C. § 1827(d)(1) (2006), the district court is required to appoint an interpreter if the witness "speaks only or primarily a language other than English . . . so as to inhibit such witness' comprehension of questions and the presentation of such testimony." The use of an interpreter is a matter committed to the trial court's discretion. United States v. Rodriguez, 424 F.2d 205, 206 (4th Cir. 1970). "This rule is appropriate because the trial judge is in the best position to assess a defendant's or witness' language usage, comfort level and intelligibility." United States v. Hasan, 609 F.3d 1121, 1127 (10th Cir. 2010) (internal quotation marks omitted). In order to determine whether there was an abuse of discretion, this court must determine whether the trial court's

decision made the trial fundamentally unfair.  United States v. Belfast, 611 F.3d 783, 821 (11th Cir. 2010).

We conclude there was no abuse of discretion.  There is nothing to suggest that the trial court's decision resulted in a trial that was fundamentally unfair.  Accordingly, we affirm Hooker's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED