[Cite as *State v. Almosawi*, 2012-Ohio-3385.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                    :         C.A. CASE NO.    24633

v.                                         :         T.C. NO.    07CR3644

MAHDI ALMOSAWI                             :         (Criminal appeal from
                                                     Common Pleas Court)

    Defendant-Appellant                   :

                                           :

. . . . . . . . . .

# O P I N I O N

Rendered on the ____27th____ day of ____July____, 2012.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

SHAWN P. HOOKS, Atty. Reg. No. 0079100, 131 N. Ludlow Street, Suite 630, Dayton, Ohio 45420
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}  Mahdi Al-Mosawi appeals from a judgment of the Montgomery County Court of Common Pleas, which corrected an improperly imposed sentence for

postrelease control. For the reasons discussed below, the judgment of the trial court will be affirmed.

{¶ 2} In 2008, Al-Mosawi was convicted, on his guilty plea, of two counts of attempted murder. His guilty pleas were entered after his trial began. He appealed from his conviction, and we affirmed the trial court's judgment and sentence. *State v. Al-Mosawi*, 2d Dist. Montgomery No. 22890, 2010-Ohio-111. He also appealed, unsuccessfully, from a decision of the trial court overruling his petition to vacate or set aside his sentence pursuant to R.C. 2953.21. *State v. Al-Mosawi*, 2d Dist. Montgomery No. 23873, 2010-Ohio-5382.

{¶ 3} On March 24, 2011, the State filed a motion seeking to correct the judgment entry of conviction with respect to the imposition of postrelease control and a motion requesting that Al-Mosawi appear for resentencing via video conferencing equipment, as permitted by R.C. 2929.191(C). The trial court scheduled a hearing and ordered that Al-Mosawi appear by video conferencing. Al-Mosawi's attorney appeared in court for the hearing.

{¶ 4} Two weeks before the hearing, Al-Mosawi filed a request for an interpreter, because his "primary" language is Arabic. The trial court overruled the request for an interpreter, noting that Al-Mosawi had participated in and understood prior proceedings before the court without the need for an interpreter. Following the hearing, the trial court filed a nunc pro tunc entry correcting its prior sentence of postrelease control, informing Al-Mosawi that he would be subject to five years of postrelease control on each count after his release from prison.

{¶ 5} Al-Mosawi appeals from the trial court's nunc pro tunc termination entry,

raising three assignment of error.

{¶ 6} Al-Mosawi's first assignment of error states:

**The trial court abused its discretion when it conducted the hearing without an interpreter in spite of Mr. Al-Mosawi's request when the record was clear that he could not understand the proceedings.**

{¶ 7} Al-Mosawi contends that "it was apparent from [his] testimony at the hearing that he did not understand what was taking place," contrary to the trial court's conclusion, based on observing him at various court proceedings, that he did not need an interpreter. He notes that "he repeatedly stated that he did not understand what was happening."

{¶ 8} In a criminal case, the defendant is entitled to hear the proceedings in a language that he can understand. *State v. Castro*, 2d Dist. Montgomery No. 14398, 1995 WL 558782, * 4 (Sept. 20, 1995), citing *State v. Pina*, 49 Ohio App.2d. 394, 399, 361 N.E.2d 262 (2d Dist.1975). Moreover, R.C. 2311.14(A) requires that a trial court appoint an interpreter for legal proceedings whenever a participant in the proceeding "cannot readily understand or communicate" as a result of an impediment. *See, also*, Crim.R. 11(C).

{¶ 9} The trial court has broad discretion in determining whether a criminal defendant requires the assistance of an interpreter. *State v. Saah*, 67 Ohio App.3d 86, 95, 585 N.E.2d 999 (8th Dist. 1990). Therefore, this court will not reverse the trial court's decision in this regard absent a showing that the trial court abused its discretion by acting unreasonably, unconscionably, or arbitrarily. Id., citing, *State v. Apanovitch*, 33 Ohio St.3d 19, 22, 514 N.E.2d 394 (1987).

The decision regarding whether a defendant is entitled to a court appointed language interpreter is initially based on the trial court's assessment of the defendant's apparent ability to comprehend the English language and communicate therein. See, *State v. Quinones* (Oct. 14, 1982), Cuyahoga App. No. CR-59478, unreported, citing *Perovich v. United States* (1907), 205 U.S. 86 and *Suarez v. Desist* (1962), 309 F.2d 709. * * * [A]n imperfect grasp of the English language may be sufficient as long as the defendant has the ability to understand and communicate in English. See, *Perovich*, supra; *Saah*, supra; *State v. Davis* (May 7, 1981), Cuyahoga App. No. 42672, 42737, 42738, unreported.

*Castro* at * 4.

{¶ 10} In this case, the trial court responded to Al-Mosawi's request for an interpreter as follows:

* * * I denied your request for an interpreter. You have never had any difficulty understanding English while you're [sic] been here in court. And, in fact, during your trial when I ordered that there be an interpreter present for you, the interpreter did not interpret. I repeatedly asked you if you were understanding what was happening and whether you needed the interpreter and you responded that you understood everything. At your sentencing, you spoke in English yourself, very clearly and very understandably.

In addition, sir, at your Motion to Suppress, I determined that you understood English, that you had no difficulty understanding English,

particularly as it related to the statement that you made to the police.

You have proceeded with your own appeals in this matter, in filing your own motions in English. And I have determined that, sir, you are not entitled to an interpreter if one is not needed. I have determined that it is not needed, sir, and I've overruled your request.

{¶ 11} It is apparent from this exchange that the trial court was very familiar with Al-Mosawi's language abilities and had a substantial history on which to base its conclusion that he did not need an interpreter.

{¶ 12} Moreover, in Al-Mosawi's direct appeal, we commented on his language abilities as follows:

Although Al-Mosawi can speak and understand English to some extent, at his competency hearing, suppression hearing, trial, plea proceeding, and sentencing, the trial court qualified an English-Arabic interpreter (not always the same at each hearing) and swore in the interpreter. The proceedings are recorded in the record as video records. In the proceedings we have watched in the video format (we have reviewed the entirety of the written transcripts of the proceedings), which includes the entire trial, plea and sentencing proceedings, the interpreter appears to be constantly interpreting the proceedings for Al-Mosawi, who does not appear to have any difficulty following the interpretation. In the plea hearing, when Al-Mosawi responds to the trial court's questions, he does so directly, in English. At the sentencing hearing, when the time came for Al-Mosawi to address the trial court, he did

so directly, in English, in so much length that the trial court had to gently nudge him back to material matters at one point. (The trial court did not, however, cut him off at the sentencing hearing; Al-Mosawi was allowed to speak until he decided that he was done.)

*State v. Al-Mosawi*, 2d Dist. Montgomery No. 22890, 2010-Ohio-111, ¶ 16.

**{¶ 13}** Although there is some contradiction between our account and the trial court's about the extent to which Al-Mosawi relied on the interpreter during his trial, the plea hearing, and the sentencing hearing, it is undisputed that he had been able to interact directly with the court and had made lengthy statements to the court, in English. In light of these circumstances, we cannot conclude that the trial court abused its discretion in finding that Al-Mosawi did not need an interpreter to understand the resentencing related to postrelease control.

**{¶ 14}** The first assignment of error is overruled.

**{¶ 15}** Al-Mosawi's second assignment of error states:

**Mr. Al-Mosawi's Sixth Amendment rights and rights guaranteed under Article I, Section 10 of the Ohio Constitution were violated when the court conducted the hearing via video conferencing over Mr. Al-Mosawi's objection.**

**{¶ 16}** Al-Mosawi contends that his resentencing hearing related to postrelease control was a "critical stage" of the proceedings, and that his constitutional rights were violated when the trial court ordered that the resentencing be conducted via video conferencing, because "a fair and just hearing" could not be had in his absence.

{¶ 17}  A trial court must apply the procedures contained in R.C. 2929.191 to remedy any postrelease control error occurring in a sentence imposed on or after July 11, 2006.  *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus.  R.C. 2929.191 requires a trial court to hold a hearing before issuing a corrected sentencing entry.  R.C. 2929.191(C) provides, in pertinent part, as follows:

Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction.  The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible.  An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. * * *

{¶ 18}  A criminal defendant has a fundamental right to be present at all critical stages of his criminal trial.  *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 100; Sixth and Fourteenth Amendments to the United States Constitution; Ohio Constitution, Article I, Section 10. "However, a criminal defendant's absence 'does not necessarily result in prejudicial or constitutional error.' *State v. Davis*, 116 Ohio St.3d 404, 880 N.E.2d 31, 2008-Ohio-2, ¶ 90.  *See also State v. Reed*, 10th Dist. No. 09AP-1164, 2010-Ohio-5819, ¶ 13." *State v. Morton*, 10th Dist. Franklin  No. 10AP-562,

2011-Ohio-1488, ¶ 18. The presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence. *Id*., citing *Davis* at ¶ 90 and *Snyder v. Massachusetts*, 291 U.S. 97, 107-108, 54 S.Ct. 330, 333, 78 L.Ed. 674(1934); *see also State v. Morris*, 10th Dist. Franklin No. 10AP-512, 2011-Ohio-5484, ¶15. Therefore, a defendant's absence in violation of Crim.R. 43(A) can constitute harmless error where he suffered no prejudice, even though such absence was improper. *Morton* at ¶ 18; *Morris* at ¶ 15.

{¶ 19} In this case, any error in regard to Al-Mosawi's physical presence at the hearing was clearly harmless. The five-year term of postrelease control ordered by the court was mandatory. Al-Mosawi spoke with his attorney privately before the court went on the record to reimpose postrelease control, and Al-Mosawi did not ask to speak with counsel again in response to anything that transpired at the hearing. Counsel addressed the court on Al-Mosawi's behalf with regard to sentencing, and Al-Mosawi was also allowed to address the court.

{¶ 20} Although Al-Mosawi suggests that the videoconferencing exacerbated his language difficulties, the trial court flatly rejected his claim that he had any trouble understanding the proceedings, and there is nothing in the record to suggest that videoconferencing did, in fact, make the proceedings more difficult for Al-Mosawi to understand. Nothing in the record indicates that any additional information could have been submitted on Al-Mosawi's behalf or that his physical presence at the hearing would have affected the outcome.

{¶ 21} The second assignment of error is overruled.

**{¶ 22}** Al-Mosawi's third assignment of error states:

**The trial court erred when it deprived Mr. Al-Mosawi the opportunity to address the error in sentencing him to PRC on each count of attempted murder when the two counts are allied offenses of similar import.**

**{¶ 23}** Al-Mosawi recognizes that our "limited remand" required the trial court to revisit only the issue of postrelease control, but he argues that such limited action was "not sufficient," because the trial court failed to merge allied offenses in his original sentence, and therefore improperly imposed two mandatory terms of postrelease control for those offenses.

**{¶ 24}** Even assuming, for the sake of argument, that Al-Mosawi's sentences were allied offenses of similar import, the trial court's failure to merge them at the time of sentencing resulted, at most, in a voidable sentence, not a void sentence. *State v. Parson*, 2d Dist. Montgomery No 24641, 2012-Ohio-730, ¶ 9. Arguments challenging a voidable sentence must be raised on direct appeal. *Id.* at ¶ 10, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30. The doctrine of res judicata bars any argument challenging a voidable sentence that could have been raised on direct appeal, but was not. *Id.*

**{¶ 25}** Moreover, R.C. 2967.28(F)(4)(c) provides that, "[i]f an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other." Thus, there was no practical effect of the imposition of two identical terms of postrelease control, and no prejudice to Al-Mosawi.

{¶ 26}   The third assignment of error is overruled.

{¶ 27}    The judgment of the trial court will be affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

R. Lynn Nothstine
Shawn P. Hooks
Hon. Mary Katherine Huffman