[Cite as *State v. Jones*, 2012-Ohio-4446.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                          :

     Plaintiff-Appellee                  :               C.A. CASE NO.    2012 CA 8

v.                                      :               T.C. NO.    07CR191

KEVIN M. JONES, JR.                     :               (Criminal appeal from
                                                        Common Pleas Court)

     Defendant-Appellant                 :

                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____28th_____ day of _____September_____, 2012.

. . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, 55 Greene
Street, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

MICHAEL C. THOMPSON, Atty. Reg. No. 0041420, 5 N. Williams Street, Wright-Dunbar
Business Village, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

     **{¶ 1}** In 2007, Kevin M. Jones, Jr., was found guilty on his no contest plea

of aggravated vehicular homicide and vehicular assault. The trial court sentenced Jones to an aggregate term of four and one-half years in prison, imposed a mandatory three-year term of postrelease control, ordered him to pay restitution, and suspended his driver's license for fifteen years. The judgment entry stated that postrelease control was "mandatory in this case," but it did not differentiate between the two counts for purposes of postrelease control. Jones did not appeal his conviction.

{¶ 2} In December 2011, the trial court, having concluded that postrelease control had not been properly imposed in the first instance, resentenced Jones by video conferencing. At the hearing and in the amended sentencing entry, the trial court specified that Jones was subject to a mandatory three years of postrelease control on the aggravated vehicular homicide and up to three years of postrelease control on the vehicular assault.

{¶ 3} Jones filed a notice of appeal from his resentencing. Appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could find no potentially meritorious issues for appeal. Counsel did, however, identify three potential arguments, all of which relate to the trial court's election to conduct the resentencing by video teleconference. This Court granted Jones sixty days in which to file a pro se brief assigning any additional errors for review; Jones did not file a brief.

{¶ 4} Pursuant to *Anders*, we must determine whether the issues involving potentially reversible error that are raised by appellate counsel (or by a defendant in his pro se brief, if one is filed) are "wholly frivolous." *Id.* at 1400; *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7. A frivolous appeal is one that presents

issues lacking in arguable merit, which means that, on the facts and law involved, no reasonable contention can be made that it offers a basis for reversal. *Marbury* at ¶ 8. If we find that any issue presented, or any other issue discovered through our independent analysis, is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *Id*. at ¶ 7.

{¶ 5} It is well established that, when a trial court errs in imposing a term of postrelease control at sentencing, "that part of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. "[O]nly the offending portion of the sentence is subject to review and correction." *Id*. at ¶ 27. Where postrelease control has been improperly imposed, res judicata applies to all other aspects of the conviction and sentence, including the determination of guilt and the lawful elements of the sentence. *Id.* at ¶ 34. Thus, no issues other than postrelease control were subject to review by the trial court at Jones' resentencing hearing.

{¶ 6} Jones claims that the trial court erred in resentencing him via video conferencing and that trial counsel was ineffective in failing to object to the use of this procedure. He contends that, due to the video conferencing, he did not have a meaningful opportunity to consult with his attorney during the hearing.

{¶ 7} A trial court must apply the procedures contained in R.C. 2929.191 to remedy any postrelease control error occurring in a sentence imposed on or after July 11, 2006.

*State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus. R.C. 2929.191 requires a trial court to hold a hearing before issuing a

corrected sentencing entry.   R.C. 2929.191(C) provides, in pertinent part, as follows:

> Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible.   An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. * * *

**{¶ 8}**     A criminal defendant has a fundamental right to be present at all critical stages of his criminal trial.[1]     *State v. Al-Mosawi*, 2d Dist. Montgomery No. 24633, 2012-Ohio-3385, ¶ 19, citing *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 100; Sixth and Fourteenth Amendments to the United States Constitution; Ohio Constitution, Article I, Section 10.   "However, a criminal defendant's absence 'does not necessarily result in prejudicial or constitutional error.'   *State v. Davis*, 116 Ohio St.3d 404, 880 N.E.2d 31, 2008-Ohio-2, ¶ 90.   See also *State v. Reed*, 10th Dist. No. 09AP-1164, 2010-Ohio-5819, ¶ 13."     *State v. Morton*, 10th Dist. Franklin No. 10AP-562, 2011-Ohio-1488, ¶ 18.   The presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence. *Id.*, citing *Davis* at ¶ 90

---

[1] We will assume for this argument, without deciding, that a defendant's "virtual presence" by video conferencing is not the same, constitutionally, as a defendant's physical presence.

and *Snyder v. Massachusetts*, 291 U.S. 97, 107-108, 54 S.Ct. 330, 333, 78 L.Ed. 674 (1934); *see also State v. Morris*, 10th Dist. Franklin No. 10AP-512, 2011-Ohio-5484, ¶ 15. Therefore, a defendant's absence in violation of Crim.R. 43(A) can constitute harmless error where he suffered no prejudice, even though such absence was improper. *Al-Mosawi* at ¶ 18*; Morton* at ¶ 18; *Morris* at ¶ 15.

{¶ 9}    We have previously held that any error in regard to a defendant's physical presence at a resentencing hearing for postrelease control is clearly harmless, especially where the term of postrelease control ordered by the court was mandatory. *See Al-Mosawi* at ¶ 19.    Jones' three-year term of postrelease control was mandatory for aggravated vehicular homicide, a felony of the third degree, pursuant to R.C. 2967.28(B)(3); a term of up to three years was required for vehicular assault, a felony of the fourth degree, pursuant to R.C. 2967.28(C).    Moreover, when multiple terms of imprisonment are imposed, a notification should specify the maximum term of post-release control to which the defendant will be subjected as a result.    *State v. Sulek*, 2d Dist. Greene No. 09CA75, 2010-Ohio-3919, ¶ 23.    *See also State v. Simpson*, 8th Dist. No. 88301, 2007-Ohio-4301, ¶ 109 ("There is nothing in R.C. 2967.28 which permits a trial court to impose multiple periods of postrelease control for each felony conviction. When offenders are convicted of multiple first-degree felonies, courts shall impose 'a mandatory term' of postrelease control, set forth in R.C. 2967.28(B)(1), not multiple terms.")

{¶ 10}    The record demonstrates that neither Jones nor his attorney raised any concerns or questions when they were addressed by the court at the hearing.    Jones' attorney was in the courtroom during the hearing, while Jones was present via video conferencing.

Although Jones argues that he was not able to consult with his attorney privately during the resentencing hearing, there is no indication that he sought or wanted to do so. The record is silent as to the nature of Jones's consultation with his attorney prior to the hearing, and he has not specifically alleged that he was unable to communicate with his attorney prior to the hearing. Neither the trial court nor Jones was exercising any discretion affecting the outcome of those proceedings. In sum, we have no basis upon which to conclude that Jones was prohibited from consulting with his attorney when he wanted to do so, and we likewise have no basis to conclude that Jones desired additional consultation during the hearing or that such consultation would have been helpful.

{¶ 11} Having conducted an independent review of the record, in addition to the brief filed by Jones' counsel, we find this appeal to be wholly frivolous. There are no potentially meritorious issues for appeal.

{¶ 12} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Elizabeth A. Ellis
Michael C. Thompson
Kevin M. Jones, Jr.
Hon. Stephen A. Wolaver