[Cite as *State v. Simpson*, 2020-Ohio-2961.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 28558 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2002-CR-982/1 |
| v. | : | |
| | : | (Criminal Appeal from |
| PARIS ORLANDO SIMPSON | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of May, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JOHNNA M. SHIA, Atty. Reg. No. 0067685, P.O. Box 145, Springboro, Ohio 45066
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Paris Orlando Simpson appeals from an amended judgment following resentencing to correct the imposition of post-release control.   For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} In February 2003, after a trial in the Montgomery County Court of Common Plea, a jury found Simpson guilty of felonious assault (serious physical harm), a felony of the second degree; aggravated robbery (serious physical harm), a felony of the first degree; and murder (proximate result), an unclassified felony.   The trial court sentenced him to eight years for the felonious assault, ten years for the aggravated robbery, and 15 years to life for the murder, to be served consecutively.   Simpson's aggregate sentence was 33 years to life in prison.   The judgment further stated: "The Court advised the defendant that following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board[.]"

{¶ 3} Simpson appealed from his convictions, and we affirmed.   *State v. Simpson*, 2d Dist. Montgomery No. 19797, 2004-Ohio-669.

{¶ 4} On August 31, 2018, Simpson, pro se, filed a "Motion for Re-Sentencing due to a Violation of R.C. 2929.19(B)(3)(C)(D); R.C. 2967.28; and Improper Post Release Control Sanctions pursuant to R.C. 2929.14(F); and Lump Sentencing/ Sentencing Package Violations."   Simpson asserted that the trial court's imposition of post-release control was improper, and that it was required to impose a mandatory term of post-release control for the felonious assault and aggravated robbery (but not the murder).   Citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 322, Simpson claimed

that his sentence was void and could be reviewed at any time.

{¶ 5} Simpson further argued that the trial court imposed a "lump-sentence" term of post-release control, which violated the Ohio Supreme Court's prohibition against sentence packaging. Simpson also claimed that the trial court failed to comply with the statutory requirements regarding parole eligibility. Simpson asked the trial court to remove post-release control from any sentence that had been completely served and from the murder sentence, and that post-release control be properly imposed "to any remaining charges in which it may apply."

{¶ 6} The State agreed that post-release control had not been properly imposed. It further stated that Simpson had completed his eight-year sentence for felonious assault and, thus, the court could not impose post-release control on that offense. The State concluded: "Paris Simpson should be re-sentenced for the sole purpose of advising him of the proper term of post-release control for the offense of aggravated robbery, and his term of parole for his offense of murder."

{¶ 7} The trial court did not promptly rule on Simpson's motion. In March, April, and May 2019, Simpson filed motions requesting a court date for the resentencing hearing. On May 10, Simpson filed an additional motion for resentencing, which appeared to argue that the indictment for murder did not include felonious assault as the predicate offense (which was the offense that the State had argued at trial), that Simpson's trial counsel rendered ineffective assistance by failing to object to the defective indictment for murder, and that the court, in conducting a de novo sentencing hearing, should not resentence Simpson on the murder charge. (On July 10, Simpson filed another motion, a "Motion for Arrest of Judgment," which reiterated his argument that he

was not lawfully convicted of murder due to the State's failure to properly allege the predicate offense.)

{¶ 8} On May 15, 2019, Simpson filed a motion asking to be physically conveyed to the court for resentencing. Simpson indicated that the trial court had attempted to conduct a resentencing hearing on May 1 by video conference, but due to the court's schedule, the video conference did not occur. Simpson stated that he was not waiving his right to be physically present for resentencing, and he asked to be conveyed to the court once a new date was set.

{¶ 9} On September 4, 2019, the trial court held a resentencing hearing with Simpson by video conference. The record reflects that the prosecutor and defense counsel were present in court. The trial court told Simpson that it was only addressing Simpson's motion for resentencing on post-release control and that the court would address his additional motions in a separate decision. At Simpson's request, Simpson's defense counsel objected to Simpson's appearing by video conference, stating that Simpson was not waiving his right to be physically present. The court overruled the objection.

{¶ 10} The trial court noted the sentences that Simpson had received in February 2003, and told Simpson that he was "improperly advised, at the time, as to the post release control." The court notified Simpson that he would not receive post-release control on the felonious assault, because he had completed his sentence for that offense. As for the aggravated robbery, the court told Simpson that, "following your release from prison, you will be required to serve a period of five-year [sic] post-release control under the supervision of the parole board." The court informed Simpson of the consequences

if he violated post-release control. As for the murder, the court stated that "if you are released you will be released on parole for that murder count."

{¶ 11} On September 4, 2019, the trial court filed an amended judgment entry, which reflected its oral pronouncements. Simpson appeals from the amended judgment.

## II. *Anders* Standard

{¶ 12} Simpson's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We informed Simpson that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief.

{¶ 13} Simpson subsequently filed a pro se brief, raising three potential assignments of error: (1) whether there was sufficient evidence to support his conviction for aggravated robbery, (2) whether the indictments for aggravated robbery and murder were structurally defective, and (3) whether trial counsel acted deficiently in failing to object to jury instructions regarding the predicate offense for murder. Simpson argues that *Fischer* does not apply to his case, and that he may challenge his convictions as a direct appeal.

{¶ 14} Pursuant to *Anders*, we must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Anders* at 744; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for

reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue — whether presented by appellate counsel, presented by the defendant, or found through an independent analysis — is not wholly frivolous, we must appoint different appellate counsel to represent the defendant. *Id*. at ¶ 7.

### III. *Anders* Review

{¶ 15} "Post-release control" involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28. R.C. 2967.01(N). Post-release control is mandatory for some offenses and is imposed at the discretion of the Parole Board for others, depending on the nature and degree of the offense. R.C. 2967.28(B) and (C).

{¶ 16} If a defendant has committed an offense subject to post-release control under R.C. 2967.28, the trial court must notify the defendant at sentencing of the post-release control requirement and the consequences if the defendant violates post-release control. R.C. 2929.19; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. It is well-established that when a judge fails to impose the required post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis sic.) *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 26; *see also State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. The improper post-release control sanction "may be reviewed at any time, on direct appeal or by collateral attack." *Fischer* at ¶ 27. Res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the sentence. *Fischer* at ¶ 40; *Boyd v. State*, 2d Dist. Montgomery

No. 27553, 2018-Ohio-108, ¶ 33.

{¶ 17} Once a defendant has served the prison term for an offense for which post-release control applies, the trial court no longer has the authority to resentence the defendant for the purpose of adding a term of post-release control as a sanction for that particular offense. *Holdcroft* at paragraph three of the syllabus. This is true even if the defendant remains incarcerated on other charges. *Id.* at ¶ 18.

{¶ 18} Individuals convicted of unclassified felonies, such as murder, are not subject to post-release control. *See, e.g., McCain v. Huffman*, 151 Ohio St.3d 611, 2017-Ohio-9241, 91 N.E.3d 749, ¶ 3; *State v. Taylor*, 2d Dist. Montgomery No. 28276, 2019-Ohio-4485, ¶ 11, fn. 1. Instead, when a person convicted of an unclassified felony is released from prison, that person is subject to parole. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36; R.C. 2967.13. The trial court is not required to notify a defendant about parole supervision. *See State v. Hibbler*, 2d Dist. Clark No. 2019-CA-19, 2019-Ohio-3689, ¶ 16.

{¶ 19} In its amended judgment, the trial court imposed five years of post-release control on the aggravated robbery count, expressly did not impose post-release control on the felonious assault count for which Simpson had completely served his prison sentence, and informed Simpson that he would be subject to parole for the murder. We find no non-frivolous issues related to the court's imposition, or lack thereof, of post-release control at the resentencing hearing.

{¶ 20} Simpson claims that *Fischer* does not apply to his case and, thus, the trial court was not limited to resentencing on post-release control only. "As an intermediate appellate court, we are required to follow the holdings of the Ohio Supreme Court, which

is the ultimate authority on matters of state law." *State v. Clemmons*, 2d Dist. Montgomery No. 27769, 2018-Ohio-2747, ¶ 12. *See State v. Fips*, Ohio Slip Opinion No. 2020-Ohio-1449, __ N.E.3d __, ¶ 10. *Fischer* is the law in Ohio, and we find no basis not to follow it.

{¶ 21} Under *Fischer*, the trial court's resentencing hearing was correctly limited to properly imposing post-release control. The issues that Simpson raises in his pro se brief, which challenge the merits of his convictions for aggravated robbery and murder and raise ineffective assistance of trial counsel regarding the jury instructions, were issues that should have been raised on direct appeal. Those issues are now res judicata and cannot be raised in this appeal. Any argument that the trial court should have conducted a more extensive resentencing hearing and vacated his convictions for aggravated robbery and murder would be frivolous.

{¶ 22} Although not raised by appellate counsel or Simpson, we also find no non-frivolous issue as to the trial court's decision to conduct the limited resentencing hearing via video conference.

{¶ 23} A criminal defendant has a right pursuant to the Fourteenth Amendment to be present at every "critical stage" of his trial. *State v. Campbell*, 90 Ohio St.3d 320, 346, 738 N.E.2d 1178 (2000), citing *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934); *State v. Al-Mosawi*, 2d Dist. Montgomery No. 24633, 2012-Ohio-3385, ¶ 19, citing *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 100. Crim.R. 43(A)(1) also provides that a defendant "must be physically present at every stage of the criminal proceeding and trial," including "the imposition of sentence," except as the Criminal Rules otherwise provide.

"However, a criminal defendant's absence does not necessarily result in prejudicial or constitutional error." The presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence. Therefore, a defendant's absence in violation of Crim.R. 43(A) can constitute harmless error where he suffered no prejudice, even though such absence was improper.

(Citations omitted.) *State v. Brown*, 2d Dist. Montgomery No. 26320, 2015-Ohio-3912, ¶ 10.

{¶ 24} On several occasions, we have concluded that a trial court's decision to resentence a defendant on post-release control by video conference did not constitute reversible error. At the outset, R.C. 2929.191(C) authorizes a court to conduct a resentencing hearing for purposes of correcting the imposition of post-release control by video conference. It provides, in relevant part:

The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

{¶ 25} In *Al-Mosawi,* the trial court conducted a resentencing hearing by video

conference, pursuant to R.C. 2929.191(C), to properly impose post-release control. We held that "any error in regard to Al-Mosawi's physical presence at the hearing was clearly harmless." *Al-Mosawi* at ¶ 19. We noted that the five-year term of post-release control ordered by the court was mandatory, and that Al-Mosawi had an opportunity to speak with his attorney before the hearing. We also noted that the defendant did not ask to speak with counsel again in response to anything that transpired at the hearing. Defense counsel addressed the court on Al-Mosawi's behalf with regard to sentencing, and Al-Mosawi was also allowed to address the court.

{¶ 26} In *State v. Jones*, 2d Dist. Greene No. 2012 CA 8, 2012-Ohio-4446, we conducted an *Anders* review of Jones's appeal following a resentencing hearing to impose post-release control, which was conducted via video conferencing. Jones's appellate counsel raised as a potential issue that the trial court erred in resentencing Jones via video conferencing and that trial counsel was ineffective in failing to object to the use of this procedure. Jones's appellate counsel contended that, due to the video conferencing, he did not have a meaningful opportunity to consult with his attorney during the hearing. We found that no non-frivolous issue existed, reasoning:

> We have previously held that any error in regard to a defendant's physical presence at a resentencing hearing for postrelease control is clearly harmless, especially where the term of postrelease control ordered by the court was mandatory. *See Al-Mosawi* at ¶ 19. Jones' three-year term of postrelease control was mandatory for aggravated vehicular homicide, a felony of the third degree, pursuant to R.C. 2967.28(B)(3); a term of up to three years was required for vehicular assault, a felony of the

fourth degree, pursuant to R.C. 2967.28(C). Moreover, when multiple terms of imprisonment are imposed, a notification should specify the maximum term of post-release control to which the defendant will be subjected as a result. * * *

The record demonstrates that neither Jones nor his attorney raised any concerns or questions when they were addressed by the court at the hearing. Jones' attorney was in the courtroom during the hearing, while Jones was present via video conferencing. Although Jones argues that he was not able to consult with his attorney privately during the resentencing hearing, there is no indication that he sought or wanted to do so. The record is silent as to the nature of Jones's consultation with his attorney prior to the hearing, and he has not specifically alleged that he was unable to communicate with his attorney prior to the hearing. Neither the trial court nor Jones was exercising any discretion affecting the outcome of those proceedings. In sum, we have no basis upon which to conclude that Jones was prohibited from consulting with his attorney when he wanted to do so, and we likewise have no basis to conclude that Jones desired additional consultation during the hearing or that such consultation would have been helpful.

Having conducted an independent review of the record, in addition to the brief filed by Jones' counsel, we find this appeal to be wholly frivolous. There are no potentially meritorious issues for appeal.

*Jones* at ¶ 9-11. *See also, e.g., State v. Brown*, 2d Dist. Montgomery No. 26320, 2015-

Ohio-3912, ¶ 7-12 (defendant was not prejudiced by the trial court's conducting the resentencing hearing via video conferencing to properly impose post-release control); *State v. Herron*, 2d Dist. Montgomery No. 27910, 2019-Ohio-4180, ¶ 15 (any error in resentencing defendant on post-release control via a video hearing was harmless).

{¶ 27} In this case, the resentencing hearing was conducted for the limited purposes of imposing post-release control, and the parties agreed that post-release control was not proper on the felonious assault and murder charges. The trial court was required to impose a mandatory five-year term of post-release control on the aggravated robbery, a first-degree felony. The court had no discretion in its actions.

{¶ 28} The record further reflects that defense counsel was present and that Simpson and his attorney communicated prior to the resentencing hearing. At the beginning of the hearing, Simpson's attorney told the court, "Mr. Simpson asked me to object to his not -- him not being present today. He does not waive his presence in court and would like to object to these proceedings." Nothing in the record suggests that Simpson wanted to speak with his attorney privately during the hearing. After addressing post-release control and parole with Simpson, the court asked the prosecutor, defense counsel, and Simpson if they had anything further; all responded that they did not. On this record, any challenge to the resentencing hearing by video conference would be frivolous.

### IV. Conclusion

{¶ 29} We have examined the entire record and conducted our independent review in accordance with *Penson*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300. We agree with appellate counsel that no non-frivolous issues exist for appeal. Accordingly, the trial

court's judgment will be affirmed.

. . . . . . . . . . . . .


TUCKER, P.J. and HALL, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Johnna M. Shia
Paris Orlando Simpson
Hon. Barbara P. Gorman