[Cite as *Bedford v. Randhawa*, 2014-Ohio-28.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99578**

---

## CITY OF BEDFORD

PLAINTIFF-APPELLEE

vs.

## BALTEK S. RANDHAWA

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Bedford Municipal Court
Case No. 12 CRB 00276

**BEFORE:** E.A. Gallagher, J., Rocco, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 9, 2014

**ATTORNEY FOR APPELLANT**

Joseph A. Dubyak
Dubyak & Goldense
50 Public Square
Suite 920
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Kenneth A. Schuman
Prosecutor, City of Bedford
5306 Transportation Boulevard
Garfield Heights, Ohio 44125

EILEEN A. GALLAGHER, J.:

{¶1} Appellant Baltek S. Randhawa ("Randhawa") appeals his conviction rendered after a bench trial in the Bedford Municipal Court. Randhawa assigns the following errors for our review:

> I. The trial court erred by not commencing trial in a timely fashion in violation of R.C. 2945.71 and Article I, Section 10 of the Ohio Constitution.

> II. The trial court erred by prohibiting a qualified interpreter from testifying.

{¶2} Having reviewed the record and pertinent law, we reverse the decision of the trial court, vacate Randhawa's conviction and remand for proceedings consistent with this opinion.

{¶3} On February 9, 2012, the city of Bedford, Ohio ("the City") charged Randhawa with aggravated menacing, a first-degree misdemeanor. Randhawa pleaded not guilty at his arraignment, waived his rights to a speedy trial, several pretrials followed and a trial was scheduled for May 15, 2012.

{¶4} On September 5, 2012, after Randhawa had been granted a number of continuances and the trial had been rescheduled twice, the City's prosecutor amended the charge of aggravated menacing to a charge of menacing. On January 14, 2013, after Randhawa had been granted additional continuances and the trial had again been rescheduled, Randhawa filed a motion to dismiss on speedy trial grounds. The trial court denied the motion and the matter proceeded to a bench trial.

{¶5} Prior to the start of the trial, the City's prosecutor again amended the charge to disorderly conduct, a minor misdemeanor. At the conclusion of the trial, the trial court

found Randhawa guilty of disorderly conduct and fined him $150 plus court costs. Randhawa now appeals.

## Assistance of Interpreter

{¶6} In the second assigned error, Randhawa argues the trial court erred by prohibiting a qualified interpreter from testifying. Because we find this error dispositive of the entire appeal, we shall address Randhawa's assigned errors out of order.

{¶7} The underlying charges arose from threats Randhawa allegedly made to Kuldeep Singh, a fellow member of a Sikh Temple. At trial, Singh testified that on February 9, 2012, Randhawa made a speech at the temple in which he threatened to burn Singh alive with kerosene oil and cut him in pieces like chiseling a piece of wood. Tr. 31.

{¶8} At the time of the alleged threats, Randhawa was speaking Punjabi, the native language of the Punjabi people who inhabit the historical Punjab region of Pakistan and India. Randhawa's speech to the congregation at the Sikh temple was audio taped. In anticipation of trial, Randhawa had a fellow member of the congregation, a qualified interpreter, listen to the tape and transcribed it into English.

{¶9} At trial, Randhawa sought to have the written transcription introduced, but the trial court refused. Randhawa then attempted to have the interpreter, Ms. Brar, testify, but the trial court refused that request as well. Randhawa contends the trial court's refusal violates R.C. 2311.14(A)(1), which provides that the court shall appoint an

interpreter whenever a person "cannot readily understand or communicate" in a legal proceeding. *State v. Kamleh*, 8th Dist. Cuyahoga No. 97092, 2012-Ohio-2061.

**{¶10}** While we agree with Randhawa's argument, we disagree with the legal authority he cites in support of his assigned error. The issue is not whether either appellant Randhawa or Kuldeep Singh were proficient in the English language but, rather, if the trier of fact was proficient in Punjabi.

**{¶11}** In this case, the allegedly threatening comments made by appellant to Singh were spoken in Punjabi and recorded by audio tape. It is the best evidence in the case and the best evidence upon which a conviction can be had.

**{¶12}** Because there is no evidence before this court that the trier of fact was conversant, let alone fluent, in Punjabi, it is difficult to understand how the court could reach a fair and just verdict without hearing the actual statements that were made.

**{¶13}** We acknowledge that a trial court has broad discretion in determining whether a criminal defendant requires the assistance of an interpreter. *State v. Al-Mosawi*, 2d Dist. Montgomery Case No. 24633, 2012-Ohio-3385, citing *State v. Saah*, 67 Ohio App.3d 86, 95, 585 N.E.2d 999 (8th Dist.1990). However, as we stated above, this case does not center around whether the defendant-appellant or the witness required an interpreter, which we concede was not necessary because both were proficient and fluent in English. The question is whether the trial court needed an interpreter to understand the alleged threats that were recorded in Punjabi.

{¶14} The trial court did not allow Randhawa to present Ms. Brar's transcript of the statements made to the congregation nor did it allow him to present her testimony as a qualified Punjabi interpreter to support his defense that he did not make threats against Kuldeep Singh. The trial court's refusal stemmed from its concern that Ms. Brar was biased, based on her 18-year relationship with Randhawa.

{¶15} While we don't discredit the trial court's concerns, Section (B) of R.C. 2311.14, which governs the court's appointment of an interpreter, states that

> Before entering upon official duties, the interpreter shall take an oath that the interpreter will make a true interpretation of the proceedings to the party or witness, and that the interpreter will truly repeat the statements made by such party or witness to the court, to the best of the interpreter's ability.

{¶16} Thus, in addition to the court's questioning of Ms. Brar and its acknowledgment that she was a qualified interpreter, the trial court had the opportunity to order Ms. Brar to swear an oath that she would make a true interpretation of the proceedings to the court. Given the ability of the court to provide this oath to Ms. Brar coupled with the trial court's need of a Punjabi interpreter, we find it error for the court not to allow Ms. Brar to testify.

{¶17} Further, even considering all of the above, if the court believed Ms. Brar's bias could not be overcome, it could have continued the trial and ordered an interpreter without a relationship to either party.

**{¶18}** The trial court erred in not affording Randhawa the opportunity to present an English translation of the statements he made, which contained alleged threats made to Kuldeep Singh in Punjabi.

**{¶19}** Judgment reversed and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., CONCURS;
PATRICIA ANN BLACKMON, J., DISSENTS
(WITH SEPARATE DISSENTING
OPINION ATTACHED)

PATRICIA ANN BLACKMON, J., DISSENTING:

**{¶20}** I respectfully dissent. The evidence in this case was sufficient to find the defendant guilty. The city first charged the defendant with aggravated menacing; at the time of trial the city had reduced the charge to disorderly conduct. During the bench trial, the issue arose over an electronic recording of the event where the questionable

threatening remarks had been made. The majority opinion urges that the trial court, at best, should have continued the matter for a different qualified interpreter.

{¶21} I believe it should not. The trial court had sufficient evidence to determine the defendant's guilt or innocence. Both the defendant and the victim were proficient in English. The victim testified that Randhawa made a threatening speech at a temple meeting. This was sufficient for the trial court to determine the city's case.

{¶22} Besides, the trial court has broad discretion to determine whether an interpreter is necessary in a minor misdemeanor trial. Additionally, the trial court was in the best position to determine the credibility of the witness who was offered by defendant and who had interpreted the taped recording. I am not sure we can take judicial notice whether or not the trial court could speak the parties' native language. But we are sure of one thing, the trial court understood English and both the defendant and the victim were proficient in English. Consequently, I would have affirmed the conviction.